## Rice v. Gibson, Appellant.

Argued October 9, 1928.

Before Porter,
P. J., Henderson, Trexler, Keller, Linn, Gawthrop
and Cunningham, JJ.

*C. Brewster Rhoads,* and with him *Laurence H. Eldredge,* and *Roberts & Montgomery,* for appellant.

*John Francis Williams,* and with him *Raymond Pace Alexander,* and *Maceo W. Hubbard,* for appellee.

Opinion by Gawthrop, J., December 13, 1928:

This is an appeal by defendant from a judgment entered on a verdict against him. The sole complaint is that error was committed in refusing binding instructions for the defendant and denying his motion for judgment non obstante veredicto. The suit was brought to recover damages for injuries sustained by the plaintiff while she was a patron at the defendant's theatre on the evening of May 9, 1927. It is undisputed that during the course of performance on that evening a disturbance occurred in the second or top gallery, which resulted in an unknown patron's falling or being thrown over the railing and down upon the plaintiff, who had a ticket for, and occupied, a seat on the first floor. Viewing the evidence in the light most favorable to the plaintiff and giving her, as we

must, the benefit of every inference fairly deducible therefrom, the following may be stated as the material facts: Two of the employees of the defendant, one of whom was a special officer whose duty it was to keep order in the theatre, approached the unknown patron in the gallery in such a manner as to create a disturbance and confusion, for the purpose of ejecting him. One of these employees shouted, ''there he is'' and ''went after this other fellow ...... After they began to fight, Gibson's man hit him and knocked him over the banister.''

The able counsel for the defendant concede in their brief that the plaintiff's evidence tending to show that the alleged acts of negligence were committed by the defendant's agents, if within the scope of their authority, raised a question for the jury. They strenuously urge, however, that there is no evidence in the record which in any way indicates the scope of the authority of these agents, or warrants a finding that they were acting within the scope of their employment at the time of the disturbance; that while the fact that an agent is employed as a special officer, or to keep order, may reasonably justify the inference that he is authorized to quell a riot, or to terminate a tussle which may involve danger to patrons of the theatre, it is not proper to permit a jury to draw from this fact the inference of authority to cause disorder or commotion; that the only reasonable inference to be drawn from the evidence is that the acts of defendant's agents were deliberately and voluntarily done outside the scope of their apparent authority; and that they were engaged in a purely personal matter, or that they gratuitously volunteered to assist a policeman of the city in making an arrest of a patron who was at the time conducting himself in a proper manner. We have been unable to adopt this conclusion. The evidence clearly negatives the inference that the servants

were engaged in a personal mission when they went to the gallery. It supports a finding that the city policeman was not even a party to the undertaking, and that the defendant's special officer and his fellow servant went to the gallery for the purpose of ejecting an undesirable patron. This could well be found to be within the apparent scope of the authority of these employees and for a purpose in which their principal had an interest. In performing this act they were clothed with authority to do what was reasonably necessary to accomplish their purpose. If in doing what they believed to be necessary in performance of that duty they were guilty of negligence, the master would be responsible for it. It is familiar doctrine that not every deviation of the servant from the strict execution of his duty will relieve the master of responsibility for his acts done during such deviation. If defendant's servants committed wrongful acts in the performance of the duties required of them, it was for the jury to say whether these acts were done in the course of their employment and within the scope of their duty: Luckett v. Reighard, 248 Pa. 24; Marcus v. Gimbel Bros., 231 Pa. 200; Blaker v. Phila. Elec. Co., 60 Pa. Superior Ct. 56.

The only remaining contention, that the plaintiff failed to prove that the defendant was guilty of any negligence, requires little discussion. There is evidence that one of defendant's servants knocked the unknown patron over the railing into the seats on the first floor. The injury to the plaintiff was the natural and probable consequence of such an act and one which the servant should have foreseen. The evidence does not leave the inference of negligence open to conjecture or speculation, but supports it. Plaintiff's case does not rest on a supposable theory not supported by established facts. Therefore, the cases cited for appellant, holding that there can be no recovery

unless the plaintiff prove by affirmative evidence that the cause of the injury was one for which the defendant was liable, are not helpful. We all agree that the question of the defendant's negligence was for the jury.

The judgment is affirmed.