## Hoch et ux. *v.* Martin, Appellant.

Argued October 14, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Michael A. Foley,* for appellant.

*Edward W. Watson,* with him *Morris W. Kolander,* for appellee.

Opinion by Rhodes, J., December 21, 1936:

This is an action of trespass for damages arising out of a collision between two automobiles; the one owned by defendant, and the other in which the wife plaintiff was riding as a passenger. The accident occurred on August 24, 1934, about 1 p. m., at Forty-first Street and Powelton Avenue, in the city of Philadelphia. At the trial, after plaintiffs closed their case, the defendant submitted a point for binding instructions and rested. The point having been declined and an exception granted to defendant, the case was given to the jury, which rendered verdicts in favor of both husband plaintiff and wife plaintiff.

Defendant's motion for judgment n. o. v. was dismissed, and defendant appealed.

Appellant's ownership of the automobile was admitted, but it is urged in his behalf that plaintiffs' case lacks the other proofs essential to warrant submission of the case to the jury. The burden was on plaintiffs to prove, in some adequate manner, that the operator of appellant's automobile at the time of the accident was his servant, and that such servant was then engaged on appellant's business. *Martin v. Lipschitz,* 299 Pa. 211, 149 A. 168. This burden would not be met by proof or admission that the automobile was owned by appellant, nor by proof that the driver at the time of the accident was the employee of the appellant. The evidence must also show or justify the reasonable inference that the driver at that time was engaged on appellant's business within the scope of his authority. See *Warman v. Craig,* 321 Pa. 481, 184 A. 757; *Luckett v. Reighard et al.,* 248 Pa. 24, 93 A. 773; *Lotz v. Hanlon,* 217 Pa. 339, 66 A. 525; *Myers v. Strousse,* 94 Pa. Superior Ct. 440.

Appellant was called as on cross-examination by plaintiffs, and testified that on the date of the accident he had in his employ a chauffeur named Robert Mc-

Lemore; and that he recalled the wife plaintiff's visiting him some time after the accident.

To sustain the verdicts of the jury, reliance must be placed primarily on the testimony of the wife plaintiff. She testified that she called upon the appellant in May, 1935; and the content of her conversation with him at that time was: "I went out to Mr. Martin and I asked him if he would give me the chauffeur's name and address of where he was now, and he said he didn't know, and the other chauffeur and the wife was there at the time, so I knew— ...... Q. Will you confine your testimony to what Mr. Martin told you with regard to Mr. McLemore's presence at 41st and Powelton Avenue on the day of the accident with his car? A. I told Mr. Martin what I came up for, and he said he didn't know where the chauffeur was at that time. So I knew— ...... By the Court: Q. Please just tell us what was said. A. I left Mr. Martin and went back to him and I said to him did he give the chauffeur permission to have the car on the day of the accident, and he said yes, he did, to drive his [appellant's] wife in town, and I told him I came there to get that information about the chauffeur, and that's what he told me, and we sat there talking about fifteen or twenty minutes, in Mr. Martin's summer porch, and he said I should have told Mr. Kolander to get in touch with him —Q. Just a minute. The only thing he told you with regard to the chauffeur's use of the automobile. A. The chauffeur had permission to take his wife in town that morning." ...... (On cross-examination) "Q. Now, Mrs. Hoch, you said that in your talk with Mr. Martin you asked him for the chauffeur's name and address, and he told you he did not know the address, and the only thing he said was that the chauffeur had permission to take Mrs. Martin into town that morning? A. He told me he had permission to take her into town that morning."

James Kelly, a witness for plaintiffs, testified: "Q. What was the position of the two automobiles when they stopped? Where were they in relation to each other and to you? A. Why, I should say the car the chauffeur was driving, it was a good deal past the Studebaker—"

Elmer E. Cowdrick, another witness for the plaintiffs, the driver of the car in which the wife plaintiff was riding, testified that appellant's car "continued past me and went about thirty or forty feet before he stopped. ...... Q. What occurred after that? A. After that we exchanged license numbers."

The negligence of the operator of appellant's automobile and the injuries to the wife plaintiff as a result of the accident have not been questioned. The question for our determination is whether the evidence was sufficient to justify its submission to the jury as to the operation of the appellant's automobile by his servant, while engaged on appellant's business and within the scope of his authority or within the scope of his employment by the appellant. *Loper et ux. v. P. G. Publishing Co.,* 312 Pa. 580, 169 A. 374. We think there was submissible evidence, although necessarily meager under the circumstances through no fault of plaintiffs, and that the jury could properly conclude therefrom: (1) That appellant owned an automobile and employed a chauffeur on August 24, 1934; (2) that appellant authorized him to use the automobile to take appellant's wife into the city of Philadelphia; (3) that the automobile was involved in the accident which happened in Philadelphia at Forty-first Street and Powelton Avenue; (4) that at the time of the accident appellant's chauffeur was driving appellant's automobile in furtherance of his master's business within the scope of his authority.

Appellant's automobile was admittedly involved in the collision which occurred in the city of Philadelphia.

According to the testimony of wife plaintiff, he had permitted his chauffeur to use the car on the day of the accident to take appellant's wife "in town." The natural inference is that this term meant the city of Philadelphia. The authorization was somewhat general; but we think it was sufficient, together with the other facts and circumstances, to warrant the natural and reasonable inference that the chauffeur was performing his duty as a servant of appellant when the accident happened. "In the nature of things, we are authorized to look to and to draw inferences from acts and sometimes non-action, when demonstration or other means of information fails to disclose the true state of any subject of inquiry. To close our eyes and understanding to the light to be drawn from experience, would be to choose 'darkness rather than light' ": *Steininger v. Hoch's Executor*, 42 Pa. 432, at page 434.

The accident occurred at a time and place not so remote from the purpose for which appellant entrusted his chauffeur with his automobile as would have justified the trial judge in holding, as a matter of law, that the chauffeur was not then engaged on appellant's business within the scope of his authority.

The facts and inferences to be drawn therefrom were for the jury, and warrant the verdicts for the plaintiffs. See *Rice v. Gibson*, 94 Pa. Superior Ct. 541; *Eckert v. Merchants' Shipbuilding Corporation*, 280 Pa. 340, 124 A. 477.

Judgments are affirmed.