Grossman, Appellant, *v.* Kniess.

Argued April 19, 1937.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, James and Rhodes, JJ.

*J. H. Cochran,* for appellant.

*John L. Wilson,* for appellee.

Opinion by Rhodes, J., July 15, 1937:

Plaintiff was injured while riding as a passenger in an automobile driven by Howard M. Boosel, who, plaintiff alleged, was an employee of defendant and engaged in and about the latter's business at the time of plaintiff's injury.

Plaintiff instituted an action in trespass against defendant to recover for the damages sustained.

Plaintiff, in his statement, averred that defendant was engaged in the selling of automobiles and other motor vehicles; that on September 18, 1935, Howard M. Boosel was an employee of defendant; that he was engaged in and about the business of the defendant; that while riding in the automobile operated by said defendant's employee, at his invitation and for

the purpose of selling plaintiff a motorcycle, he was injured through the negligent operation of said automobile by defendant's employee and agent. Defendant, in his affidavit of defense, denied ownership of the automobile operated by Boosel, and averred that the existence of the relationship of principal and agent had terminated several hours prior to the accident, and that Boosel was not at the time of the accident acting on behalf of the defendant.

After trial the jury found for plaintiff in the amount of $2,500, and the court below entered judgment n. o. v. for the defendant. This appeal followed.

The question involved is whether Boosel at the time of the accident was engaged on defendant's business within the scope of his authority.

The ownership by defendant of the car involved in the accident, and the existence of the relationship of employer and employee between defendant and the driver of the car are not controlling. To sustain the verdict there must appear submissible evidence that Boosel was engaged upon defendant's business when operating the car at the time of the accident. See *Warman v. Craig,* 321 Pa. 481, 184 A. 757; *Loper et ux. v. P. G. Publishing Co.,* 312 Pa. 580, 169 A. 374; *Hoch et ux. v. Martin,* 124 Pa. Superior Ct. 445, 188 A. 602.

The facts are not in dispute. Defendant offered no testimony excepting one witness who testified as to distances between the various places involved in the testimony.

Defendant was engaged in the sale of motor vehicles at Prospect, Butler County, Pa. He had arranged with Boosel to sell automobiles approximately six weeks before the accident. Boosel was to sell cars for defendant on a 6 per cent basis, less the trade-in value of old cars taken in exchange, and defendant was to furnish him with 10 gallons of gasoline per month. At the time of the accident the automobile driven by

Boosel bore dealer's license tags of defendant. Boosel resided with his mother on a farm about twelve miles, by improved road, northeast of Prospect, and the plaintiff resided on an adjoining farm. On the evening of September 18, 1935, Boosel invited the plaintiff to go with him to Prospect to examine a motorcycle which defendant had for sale and for which plaintiff was a prospective purchaser. Boosel and the plaintiff started on the road to Prospect, but, upon arriving at the intersection of state highway route No. 8, turned right and drove northwest a distance of approximately 8 miles to the borough of Slippery Rock for the purpose of getting a haircut and shave. In Slippery Rock, at a restaurant, they met Mrs. Mabel Jones, a young woman who was apparently interested in the purchase of an automobile. In this place plaintiff and Boosel had two bottles of beer. They took her with them in the automobile driven by Boosel and started for Prospect. There is an improved highway leading directly southwest from Slippery Rock to Prospect a distance of 12 miles. On this occasion the parties drove west 3.3 miles on highway route No. 108 leading to New Castle, and at Moore's Corners turned south on an improved road to Portersville, a distance of 8.3 miles, where they turned east to Prospect, a distance of 6.4 miles. At defendant's place of business in Prospect, plaintiff looked at the motorcycle, and the young woman made a telephone call. The parties remained there about 45 minutes and left shortly after 8 p. m.

Instead of taking the road leading northeast directly to the home of plaintiff, a distance of about 12 miles, Boosel, at plaintiff's request, drove due east 9 miles to the city of Butler, where plaintiff endeavored to see a Mr. Thompson. While waiting for plaintiff to see his party, Boosel and the young woman drove around Butler for a few minutes and then returned for plaintiff, who, in the meantime, had purchased a pint of

whiskey. Plaintiff, Boosel, and Mrs. Jones then left Butler on the road leading north to plaintiff's home. At a roadhouse 3 miles north of Butler plaintiff requested Boosel to stop, where the parties stayed for some time, and, with the exception of Boosel, had several drinks of liquor. They then started north towards plaintiff's home on an improved road, but on reaching an intersecting road at West Sunbury, about 3 miles from plaintiff's home, Boosel, at the request of plaintiff, turned onto this intersecting ash road and drove west toward a store at Muddy Creek, where plaintiff desired to purchase some groceries. After traveling 4.3 miles on this intersecting road, about 4 hours after leaving Prospect, the automobile driven by Boosel, in which plaintiff and Mrs. Jones were passengers, collided with a concrete abutment on the side of the road. The plaintiff was seriously injured.

Plaintiff testified that they traveled between 50 and 60 miles on the entire trip prior to the accident. Boosel testified that when they left Prospect they proceeded to Butler at plaintiff's suggestion as he wanted to see Mr. Thompson; that after leaving Butler he stopped at the roadstand at the request of plaintiff who desired to pay the proprietor some money; that at West Sunbury, instead of proceeding home, he turned left and took the intersecting road as plaintiff wanted to obtain some things at his uncle's store at Muddy Creek.

After leaving defendant's place of business at Prospect, it conclusively appears that Boosel was driving the automobile at plaintiff's direction and in furtherance of plaintiff's personal business and pleasure, and it cannot be inferred that at the time of the accident Boosel was acting in the furtherance of defendant's business. Boosel, by his own testimony, had taken himself out of the course of his employment, and the testimony of the plaintiff is in conformity and in harmony with that of Boosel.

Although we have considered the testimony and the inferences therefrom in the light most favorable to plaintiff, we are unable to conclude that the operation of the automobile by Boosel at the time of the accident was for the purpose of furthering defendant's business, or was in the course of his employment by defendant in any respect. Plaintiff is not entitled to recover on the undisputed facts shown by his own evidence, and such cases as *Petruska v. Packard Motor Car Co.,* 83 Pa. Superior Ct. 112, *Zondler et al. v. Foster Mfg. & Supply Co.,* 277 Pa. 98, 120 A. 705, and *Griffith v. V. A. Simrell & Son Co.,* 304 Pa. 165, 155 A. 299, cited by plaintiff, have no application. Any presumption that Boosel was driving the automobile in the scope of his employment by defendant, which might arise from the presence of defendant's dealer's license plates on the automobile at the time of the accident, was rebutted by plaintiff's own evidence. See *Conley et al. v. Mervis,* 324 Pa. 577, 188 A. 350.

Judgment of the court below is affirmed.