## Doloff, Appellant, *v.* Wilkie Buick Co. et al.

Argued September 24, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Milford J. Meyer,* with him *Barnet Lieberman,* for appellant.

*James McG. Mallie,* for appellees.

OPINION BY ARNOLD, J., January 18, 1946:

In this workmen's compensation case the referee and the board found against the widow-claimant who sought compensation for the death of her husband Morris Doloff.

Morris Doloff was an automobile salesman of the defendant and used its automobile in his work. At about 11:00 P. M. on February 27, 1941, the deceased drove in this car to a taproom in Philadelphia. Upon leaving he offered a woman a ride. After a little time the woman alighted, and a man pointed a gun, ordered her back into the car, got in and at the point of the gun directed Doloff to drive on, which he did. Later an opportunity arose permitting her to jump out. The car moved on, revolver shots were heard. Doloff was fatally wounded, was thrown out of the car and died.

The testimony also showed that on the decedent's person were (a) a number of contraceptive devices, and (b) a soiled moist handkerchief which on examination revealed spermatozoid. Testimony was offered by the claimant that the deceased was on his way to attempt to sell an automobile. But there was other of the claimant's testimony which strongly pointed to his not

being in the course of employment, and the woman guest, called by the claimant, testified that the deceased had told her that his purpose was social.

The referee and the board found, inter alia, "9, that claimant's decedent, Morris Doloff, was engaged in personal and private activities at the time . . ."; "10, that these personal and private activities were in no wise connected with the business of the defendant . . ."; and "11, that the deceased, Morris Doloff, died during the time when he was joyriding for his own pleasure, not connected with, sponsored by, or given permission to do so by the defendant . . . and was in no way related to any form of their business." The claim was therefore dismissed. The court below affirmed and the claimant appealed.

While the fact that the deceased drove the defendant's car with dealer's registration plates might give rise to a presumption that he was engaged in the master's business, here, as in *Grossman v. Kniess,* 127 Pa. Superior Ct. 310, 193 A. 369, the presumption was refuted by the claimant's own testimony. In any event it was merely a presumption, and being contradicted, weakened or destroyed, neither the referee nor the board was bound to accept it.

The burden was on the claimant to show an accident in the course of employment. The compensation authorities found that burden was not sustained, and made the three findings above quoted. Where the findings of fact are *against* the party having the burden of proof (as here) our inquiry is only to determine whether these findings are consistent with each other, with the conclusions of law, and whether there was a capricious disregard of competent evidence: *Schrock v. Stonycreek Coal Company,* 152 Pa. Superior Ct. 599, 33 A. 2d 522. The inquiry is *not* whether the findings are sustained by competent and credible evidence. The findings of fact thus found are binding on all courts: *Bowers v. Schell's Bakery,* 152 Pa. Superior Ct. 112, 31 A. 2d 442;

*Wildman v. Pa. Dept. of Highways,* 157 Pa. Superior Ct. 301, 43 A. 2d 342. The present findings are in the negative; that the deceased was not in the course of his employment, and they are definite findings of that ultimate fact. In this type of case it is not required that the compensation authorities break this ultimate fact into twelve subordinate facts, as contended by the appellant. Nor are the fact finders required to state whom or what they believe. The so-called underlying facts could not only properly be found but the weight of the testimony is against the claimant. No question of law from the facts, ultimate or underlying, exists. The only question is the credibility of witnesses and the force of the circumstantial evidence. Cf. *Paulin v. Williams & Company, Inc.,* 122 Pa. Superior Ct. 462, 186 A. 415.

Judgment affirmed.