Plumbers Contractors, Inc. and Bituminous Insurance Companies, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Ronald James Lewellyn, Deceased, by Lois Lewellyn, now Lois Kademenos, Widow, Respondents.

Argued May 7, 1979, before Judges WILKINSON, JR., DISALLE and MACPHAIL, sitting as a panel of three.

*George H. Thompson,* with him *Hirsch, Weise & Tillman,* for petitioners.

*Roger J. Ecker,* with him *Peacock, Keller, Yohe, Day & Ecker,* for respondent.

OPINION BY JUDGE WILKINSON, JR., June 12, 1979:

This rather unusual factual situation has been before the referee and the Workmen's Compensation Appeal Board (Board) twice. In both instances the referee awarded benefits. On the first appeal, the Board set aside the referee's award of benefits and remanded the case for further consideration of the referee. The basis for the remand was that the referee had found that the injury resulting in death was received "in the course of a fall." In fact, there is no evidence in the record to show whether the decedent fell as a result of a heart attack or whether he suffered the heart attack during the course of the fall. As the Board pointed out, the real question for the referee to determine was whether decedent died as a result of an injury received in the course of his employment. Both parties were given the right to present additional evidence at the remand hearing, but neither elected to do so. Indeed, while the claimant presented medical evidence from two physicians, there was no medical evidence presented on behalf of the employer.

In brief, the facts are that decedent, six feet, three inches tall, and weighing 240 pounds, reported for

work at or about 8:00 A.M. on the day of his death. Shortly after reporting for work, he was sent some 150 yards to a pick-up truck to obtain a plastic jug, weighing perhaps a few ounces. The plastic jug was to be used as a container in which to mix oil and gasoline. It is undisputed that decedent walked the distance to obtain the jug, taking perhaps five to seven minutes and was then found on the ground with the plastic jug on the ground nearby. Decedent was taken to the emergency room of Dravo Corporation where the company by which he was employed was doing some work. Dravo's medical director was summoned. He learned that while the decedent was alive at the time he arrived at the emergency room he was dead by the time the Doctor examined him at 8:35 A.M. An unidentified co-employee of decedent told the Doctor that the decedent was "unloading a fuel tank" when he "fell to the ground." This Doctor testified to this by deposition and an exhibit was produced which showed that the Doctor had entered this on the medical reports prepared at the time.

For purposes of this case we can assume that the statement to the Doctor by the unidentified co-worker and the medical report were hearsay, could not be the sole basis for an award, but could be considered along with all other evidence in deciding the claim. *Chelden Radio Cab Co. v. Workmen's Compensation Appeal Board,* 10 Pa. Commonwealth Ct. 478, 310 A.2d 726 (1973).

Without laboring the point, of course, it is important to keep in mind that the workmen's compensation law in Pennsylvania no longer requires an "unusual strain." We have been affirmed in our recent decisions in this matter:

Since the enactment of the 1972 amendments to the Workmen's Compensation Act, the Com-

monwealth Court has consistently held that where a decedent was performing his or her usual job assignment at the time of the fatal heart attack, and the connection between the work and the heart attack was supported by competent medical testimony, decedent's claimant was entitled to compensation. *Workmen's Compensation Appeal Board v. Bernard S. Pincus Co.*, 479 Pa. 286, 295, 388 A.2d 659, 663 (1978).

In the case before us the medical testimony is quite clear and both Doctors agreed that the death was caused by a heart attack brought on by exertion. The matter which is not clear is not whether it was caused by exertion, this is clear; rather what is not clear is what the exertion could have been. This need not be decided for the overwhelming circumstantial evidence cries out that whatever the exertion was it occurred as part of the work activity and was the cause of the heart attack which resulted in his death. This is more than sufficient to support the award. *See Workmen's Compensation Appeal Board v. Jeddo Highland Coal Co.*, 19 Pa. Commonwealth Ct. 90, 338 A.2d 744 (1975).

Accordingly, we will enter the following

## ORDER

AND Now, June 12, 1979, the order of the Workmen's Compensation Appeal Board, Docket No. A-74578, entered August 17, 1978 is affirmed. It is directed that judgment be entered in favor of claimant, Lois Lewellyn, now Lois Kademenos, during her widowhood, for her and her two minor daughters, Pamela Lewellyn, born on August 6, 1963 and Rhonda Lewellyn, born on August 11, 1964, at the weekly rate of $100.00 from April 12, 1973 and continuing into the future during claimant's widowhood and during the minority of her two daughters respectively. . . .

342

The defendant and its insurance carrier are hereby given credit for any payment of compensation made to the claimant.

The defendant and its insurance carrier are directed to reimburse the claimant-widow the sum of $750.00 for statutory burial expenses.

The above award for compensation shall bear interest at the rate of ten (10) per cent per annum.

The defendant and its insurance carrier are directed to reimburse claimant's attorney, Roger J. Ecker, as follows:

| | |
|---|---:|
| Anthony Gagliardi | $ 28.00 |
| Leroy Woods | 22.00 |
| C. M. McCall | 22.00 |
| Neal Dononvan | 20.00 |
| Daniel Petrola, Constable | 60.30 |
| Daniel Petrola, Constable | 20.00 |
| Cora Bane Apessos | 27.00 |
| Dr. Joshua Perper | 150.00 |
| Dr. Joshua Perper | 100.00 |
| Morse, Gantverg & Hodge | 67.20 |
| Morse, Gantverg & Hodge | 49.80 |
| Cora Bane Apessos | 26.00 |

Defendant and its insurance carrier shall deduct the sum of 20% out of each and every weekly compensation payment due claimant hereunder and to pay the same directly to claimant's attorney, Roger J. Ecker, and to pay the balance thereof directly to claimant.