Super Market Service, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Harriet M. Gallagher, Respondents.

Argued February 4, 1980, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Paul A. Barrett,* of *Nogli, O'Malley & Harris,* for petitioner.

*W. Boyd Hughes,* for respondent.

OPINION BY JUDGE MENCER, April 21, 1980:

Super Market Service (employer) appeals from an order of the Workmen's Compensation Appeal Board (Board), which affirmed the award of workmen's compensation benefits to Harriet M. Gallagher (claimant). We affirm.

Claimant suffered a heart attack on June 5, 1975, while performing her usual duties as an order selector in her employer's warehouse. Her job entailed bending, lifting, and carrying various boxes of items which weighed approximately 15 pounds. Her physician testified that the injury was job related and that claimant was totally disabled as a result of the injury. The referee awarded total disability benefits and the Board affirmed. This appeal followed.

Employer argues that claimant's medical testimony was incompetent to support an award, since the medical opinion that the heart attack was work related was based upon an assumed work load[1] of 500

---

[1] "Work load" is a term used to describe the amount of strain that claimant suffered, and the factors, according to claimant's physician, include "(a) how much does the product weigh, (b) how many times do you move it, (c) how many times do you do it and . . . (d) how far."

pounds, which was factually unsupported by the record. We disagree. Claimant's physician clearly testified as follows:

Q. Now, I'm asking you, what factors are there to make this decision where it would not be work related? A. If you take 40 pounds and I'm going by what she told me. She said she lifted many, many cases, more than 50. She didn't give me an exact number, more than 50 cases. And she had to place them up on shelves, she had to walk a distance of approximately one quarter to one third of a block with this. This is a great deal of expenditure. You're taking 240 pounds because she weighed roughly 200. I'm going to use round figures. Because she has to carry herself, also. And you have to multiply that by the distance or by the height, whatever. Now, you're talking maybe 30 to 40 feet. We're also talking shelf space. Now, when you multiply that by just say 30, you're talking about 7200 pounds of work load. But now, we must multiply that by how many times she did it, which may have been one, two, three or four hundred times. Now, you're talking about an expenditure of energy that goes up into the thousands.

The distances and weights used were corroborated by claimant and by William Checho, the warehouse supervisor.[2] Although contrary medical evidence was introduced by the employer, the referee obviously decided in favor of claimant, and we will not, on this record, disturb that finding. *Workmen's Compensa-*

---

[2] Claimant testified that the box weighed much more than 10 pounds, and Checho opined that the boxes weighed about 15 pounds. Both testified that workers sometimes carry two or three boxes at a time. Even using the 15-pound figure, however, the strain would be well above the 500-pound work-load threshold.

*tion Appeal Board v. Auto Express, Inc.*, 21 Pa. Commonwealth Ct. 559, 346 A.2d 829 (1975). *See also Plumbers Contractors, Inc. v. Workmen's Compensation Appeal Board*, 43 Pa.Commonwealth Ct. 338, 402 A.2d 555 (1979).

ORDER

AND Now, this 21st day of April, 1980, the order of the Workmen's Compensation Appeal Board, Docket No. A-75159, dated December 7, 1978, is affirmed. It is directed that judgment be entered in favor of Harriet M. Gallagher and against Super Market Service, in the amount of $91.32 per week for the period beginning June 5, 1975 and continuing to June 30, 1975, inclusive, and in the amount of $91.33 per week for the period beginning July 1, 1975 and continuing until such time as the disability changes in nature or extent or ceases and terminates, together with interest at the rate of 10 percent per annum on deferred payments of compensation from the date due to the date paid, all within the terms and limits of The Pennsylvania Workmen's Compensation Act.

In addition, Super Market Service is directed to pay the following medical bills:

| | |
|---|---|
| Dr. Mario Fabi, Scranton Life Building, Scranton, Pennsylvania 18503 | $180.00 |
| Dr. Michael A. Minora, 1714 Pittston Avenue, Scranton, Pennsylvania 18505 | 125.00 |

and to reimburse the claimant, Harriet M. Gallagher, in the amount of $189.00 representing a charge by Mercy Hospital.

President Judge BOWMAN did not participate in the decision in this case.