James Glagola, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Bethlehem Mines Corporation, Respondents.

Argued February 6, 1981, before Judges ROGERS, CRAIG and PALLADINO, sitting as a panel of three.

*Margaret D. Blough,* with her *Benjamin L. Costello, Kenneth J. Yablonski,* and *J. Scott Leckie* for petitioner.

*David N. Rutt, Greenlee, Richman, Derrico & Posa,* for respondent, Bethlehem Mines Corporation.

OPINION BY JUDGE PALLADINO, April 29, 1981:

This is an appeal from an order of the Workmen's Compensation Appeal Board (Board) which reversed a referee's award of attorney's fees and penalties to James Glagola (Claimant). We affirm in part and reverse in part.

Claimant was last employed as a coal miner for Bethlehem Mines Corporation (Bethlehem), a position he held from 1951 until December of 1975, when he was forced to resign for health reasons. Following his resignation, Claimant filed a claim petition seeking total disability benefits pursuant to Section 306(a) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §511, for an alleged total disability caused by anthraco-silicosis and/or coal worker's pneumoconiosis. Bethlehem contested this claim, and eventually three hearings were held on the merits of Claimant's petition. At the first hearing, February 3, 1977, Claimant testified about his current physical capabilities, and revealed that he had received medical treatment for Raynaud's disease and scleridermis, two non-occupational diseases. Claimant also introduced into evidence, over Bethlehem's hearsay objection, a report written by a Dr. Kroh which concluded that Claimant's disability was caused by coal worker's pneumoconiosis. At the conclusion of the hearing, the

referee continued the case to afford both parties opportunity to obtain additional medical evidence.

On April 6, 1978, a second hearing was held at which Claimant offered into evidence a deposition of Dr. Kroh, wherein Dr. Kroh reiterated his conclusion that Claimant was disabled by coal worker's pneumoconiosis. Bethlehem then informed the referee that Claimant had been examined on March 8, 1977, by a Bethlehem physician, Dr. Wald, whose report had not yet been received, and requested a continuance which was granted.

At the final hearing on the merits on November 17, 1978, Bethlehem introduced into evidence a report by Dr. Wald, dated March 27, 1978, which concluded that Claimant was disabled by coal worker's pneumoconiosis, and conceded liability. The referee subsequently issued an order granting total disability benefits to Claimant, and that order is not in dispute in this appeal.

On January 16, 1979, pursuant to Claimant's request, the referee conducted a final hearing to determine if Bethlehem should be assessed for attorney's fees pursuant to Section 440 of the Act, 77 P.S. §996 and/or penalties pursuant to Section 435(d)[1] of the Act, 77 P.S. §991(d). At this hearing Claimant alleged that Bethlehem had no reasonable basis for contesting his claim, particularly after the receipt of Dr. Wald's report. Bethlehem countered by offering into evidence a report by a Dr. Quetsch, who had examined Claimant shortly after the first hearing. In this report Dr. Quetsch concluded that Claimant's disability was caused by a non-occupational disease. Bethlehem explained that it did not offer this report into evidence earlier for fear of a hearsay objection, since Dr. Quetsch died prior to the second hearing date. Beth-

---

[1] Section 440 and 435(d) of the Act were added by Section 3 of the Act of February 8, 1972, P.L. 25.

lehem's representative at the hearing also testified that Bethlehem had received Dr. Wald's report some time prior to June 30, 1978. Based on this testimony the referee found as a fact, *inter alia,* that Bethlehem's attorney had received Dr. Wald's report "shortly after the hearing that was scheduled on April 6, 1978[,]"[2] and made the following conclusions of law:

1. That the defendant's contest of this case after April 6, 1978, at which time they became aware of the fact that their own medical evidence supported the claim petition filed by the claimant constitutes an unreasonable contest of the claimant's claim for benefits. Consequently, attorney fees at the rate of 20 percent are assessed against the defendant from approximately April 15, 1978 to the present.

2. That the defendant unreasonably delayed the processing of this instant claim petition after they received the report of Dr. Quetsch who examined the claimant at their request on August 29, 1977. Consequently, penalties at the rate of 20 percent pursuant to Section 435(d) of the Pennsylvania Workmen's Compensation Act are assessed against the defendant from August 29, 1977 to the present.

On appeal the Board reversed the award of attorney's fees, concluding that Bethlehem's contest had been reasonable in light of Dr. Quetsch's report. The Board also reversed the award of penalties on the grounds that the referee had not found any violation of the Act, or of any of the rules or regulations of the Department of Labor and Industry or the Board, as

---

[2] Although the referee unfortunately utilized ambiguous and somewhat contradictory language in her findings of fact and conclusions of law, we think it is clear from her order that she found as a fact that the report was received on April 15, 1978.

required by Section 435(d) of the Act. The present appeal followed.

Section 440 of the Act provides that reasonable attorney's fees shall be awarded to a claimant who prevails on a contested claim unless the record discloses a reasonable basis for the employer's or insurer's contest. We have held that the question of reasonableness of contest, while based on findings of fact, is ultimately a question of law. *Murray v. Workmen's Compensation Appeal Board*, 45 Pa. Commonwealth Ct. 3, 404 A.2d 765 (1979); *Edmond v. Workmen's Compensation Appeal Board*, 43 Pa. Commonwealth Ct. 458, 402 A.2d 715 (1979). We have also held that where, as here, the party with the burden of proof in a workmen's compensation proceedings has prevailed before the referee, and the Board has made no additional findings of fact, our scope of review is to determine whether errors of law were committed or whether necessary findings of fact of the referee were unsupported by substantial evidence. *Ratchko v. Workmen's Compensation Appeal Board*, 31 Pa. Commonwealth Ct. 585, 377 A.2d 1012 (1977).

In the present case, the only contested issue before the referee was whether Claimant was disabled by an occupational disease. Upon the death of Dr. Quetsch, the only evidence Bethlehem could offer that Claimant was not so disabled was hearsay evidence, and such evidence would not have been sufficient to support a denial of benefits unless it was corroborated by competent non-hearsay evidence. *See Plumbers Contractors, Inc. v. Workmen's Compensation Appeal Board*, 43 Pa. Commonwealth Ct. 338, 402 A.2d 555 (1979). While we believe it was proper for Bethlehem to seek such corroborating evidence by having Claimant reexamined by Dr. Wald, once Dr. Wald's non-corroborating report was received it is clear, in our view, that Bethlehem no longer had a reasonable basis for con-

testing Claimant's claim. Accordingly, we believe the referee correctly assessed attorney's fees for the period of time between the receipt of Dr. Wald's report and Bethlehem's admission of liability on November 17, 1978, and will reverse the Board on this issue.

Section 435(d) of the Act provides in pertinent part:

The department, the board, or any court . . . shall have the power to impose penalties as provided herein for violations of the provisions of this act or such rules and regulations or rules of procedure. . . .

In *Crangi Distributing Co. v. Workmen's Compensation Appeal Board*, 17 Pa. Commonwealth Ct. 530, 333 A.2d 207 (1975), we stated that "no penalty may be imposed under subsection (d) absent proof of a violation of the Act or of the rules of the department or board." *Id.* at 535, 333 A.2d at 210. Since the referee did not find any violation of the Act or of the rules of the department or Board, and since our review of the record does not disclose any such violation, we conclude that the referee's award of penalties was improper.

Accordingly, we enter the following

## ORDER

AND Now, April 29, 1981, the order of the Workmen's Compensation Appeal Board, dated September 20, 1979, Docket No. A-76910, is affirmed insofar as it reverses the award of penalties to James Glagola, and is reversed insofar as it denies attorney's fees. This case is hereby remanded to the Workmen's Compensation Appeal Board for computation of attorney's fees in accordance with the order of Referee Luich dated February 26, 1979.

Judge WILKINSON, JR. did not participate in the decision in this case.