Roberta Marincov, Widow of Milan Marincov, Deceased, Petitioner *v.* Workmen's Compensation Appeal Board (City of Washington et al.), Respondents.

Argued May 7, 1982, before Judges ROGERS, MAC-PHAIL and DOYLE, sitting as a panel of three.

*Robert D. Beck, Beck and DeHaven,* for petitioner.

*Raymond F. Keisling, Will & Keisling,* for respondent, City of Washington.

OPINION BY JUDGE DOYLE, January 14, 1983:

This is an appeal by Roberta Marincov (Claimant) from a decision and order of the Workmen's Compensation Appeal Board (Board) affirming a referee's denial of her petition for death benefits. We affirm.

Claimant's husband, Milan Marincov, (Decedent) was a police officer for the City of Washington. In 1962 he suffered a heart attack while making an arrest. Thereafter, Decedent was assigned light duty by the police department, his primary job being that of desk sergeant. In July, 1977, however, a change in the department's staffing policy resulted in Decedent's being assigned to the patrol car known as "Car Number One."[1] As "Car Number One" sergeant, Decedent and the lieutenant who rode with him shared or, when only one of them was on duty, totally assumed the primary responsibility for responding to important calls and for directing the responses of other officers in the field. The assignment to "Car Number One" was generally regarded as the most demanding one in the department. On the morning of December 5, 1977, Decedent became ill at his home and was taken to the hospital. He was to have returned to work that afternoon from a two week vacation. The following day, Decedent died, the cause of death being an acute myocardial infarction due to arteriosclerotic coronary artery disease.

---

[1] Claimant alleges that the assignment of "Car Number One" was designed to motivate Decedent to accept early retirement. A letter from the Mayor of the City of Washington to Decedent, however, indicates that the assignment was part of a program to put more officers in the field by having civilians assume clerical and administrative duties and that the implementation of such a program was a precondition to the receipt of special federal funding.

Claimant filed the fatal claim petition at issue herein and hearings were held before a workmen's compensation referee commencing January 18, 1979. At these hearings, four of Decedent's fellow officers gave extensive testimony as to the stress experienced by Decedent as a result of his assignment to "Car Number One" and the manifestations thereof such as Decedent's having become depressed, his getting extraordinarily nervous and showing visible signs of great fear when confronted with potentially dangerous situations and his frequent complaints of being tired. Claimant herself presented similar testimony but was prohibited from relating any statements made to her by Decedent regarding how the assignment to "Car Number One" was affecting him on the grounds that they constituted hearsay. Also entered into evidence by Claimant were the depositions of two physicians who stated that the chronic stress experienced by Decedent in his job caused his fatal heart attack. By way of rebuttal, the City of Washington introduced the deposed testimony of a cardiologist who was of the opinion that Decedent's death did not result from his employment. The referee subsequently denied the fatal claim petition finding: "Decedent's death did not result from, nor was it caused by, his employment with employer or any work-related injury."[2] On appeal, the Board affirmed. The appeal to this Court followed.

Before this Court, Claimant initially contends that she was prejudiced by the fact that two of the three members of the Board who heard oral argument in this matter resigned prior to the issuance of the Board's decision and because said decision was authored by a member of the Board who was not a member at the time of the argument. She accordingly urges that we

---

[2] Finding of Fact Number 8 in the referee's decision.

remand to the Board for reargument and reconsideration. We must decline to do so. The decision of the Board gives every indication that those participating in the decision examined the briefs and the testimony and evidence presented in this matter in reviewing the actions of the referee. Thus, there has been no denial of due process and no remand is in order. *See Kakas v. Department of Public Welfare,* 65 Pa. Commonwealth Ct. 550, 442 A.2d 1243 (1982); *Chuplis v. Steve Shalamanda Coal Co.,* 192 Pa. Superior Ct. 76, 159 A. 2d 520 (1960).

Claimant next argues that the findings of fact rendered by the referee were insufficient in that they neither addressed the issues presented in the case nor resolved the conflict in the medical evidence presented as to the crucial issue of the causal connection between Decedent's employment and his death. We agree with Claimant's assessment as to what is the crucial issue in the instant matter, but we disagree as to the purported insufficiency of the referee's findings. While the referee's findings herein are undeniably spare, finding number eight, which is that Decedent's death neither resulted from nor was caused by his employment, accurately paraphrases the expert opinion of the doctor who testified for the City of Washington. Said doctor's testimony was the only evidence presented in direct support of such a finding and thus this Court is able to freely reason back to determine which medical testimony was accepted and which was rejected by the referee in arriving at the conclusion he did. *See Marcks v. Workmen's Compensation Appeal Board,* 65 Pa. Commonwealth Ct. 107, 442 A.2d 9 (1982). Therefore, as the referee's findings are dispositive as to what was the crucial issue before him and as the referee need neither break down the finding as to such an ultimate fact into subordinate facts, *Doloff v. Willie Buick Co.,* 158 Pa. Superior Ct. 453,

45 A.2d 395 (1946), nor "be so specific as to provide a thorough explanation of his thought processes," *Marcks,* 65 Pa. Commonwealth Ct. at 111, 442 A.2d at 11, we find them to be sufficient.

The Court must also reject Claimant's contention that the finding of fact that Decedent's death was not caused by or related to his employment was not supported by competent evidence. Claimant predicates this contention on what she perceives to be the failure of the doctor for the City of Washington to read and consider the testimony of Decedent's co-workers regarding the effect the assignment to "Car Number One" was having on Decedent. This perception derives from the doctor's failure, when queried as to the materials he considered in formulating his opinion, to specifically identify the testimony of the other policemen as something he reviewed, plus aspects of the doctor's testimony which Claimant believes are contrary. to that presented by the officers. Aside from the fact that Claimant's contention goes to the credibility and weight to be afforded the doctor's testimony, a matter within the province of the referee,[3] it is clear from the record that the doctor did read the testimony of Decedent's co-workers. As part of his itemization of matters he considered, the doctor included "a deposition of, I think this is Mrs. Marincov, of January 18, 1979." Mrs. Marincov, however, was never deposed in the instant case. The only item in the record dated January 18, 1979, is a hearing transcript consisting of testimony by Mrs. Marincov, *and* the police officer witnesses and, in light of the fact that the doctor's testimony also includes factors he could not have gleaned without exposure to the officers' testimony, his failure to state he read said testi-

---

[3] *City of Williamsport v. Workmen's Compensation Appeal Board,* 55 Pa. Commonwealth Ct. 618, 423 A.2d 817 (1980).

mony is nothing more than a misidentification rather than a substantive shortcoming relative to his competence to testify.

Claimant's fourth challenge herein is that the referee's decision reflects a capricious disregard of the evidence presented. It was Claimant's burden, as the person filing a fatal claim petition, to establish that Decedent's death was related to his employment. *Krawchuk v. Philadelphia Electric Co.*, 497 Pa. 115, 439 A.2d 627 (1981). Where, as here, the party with the burden of proof did not prevail below, this Court's scope of review is limited to determining whether the referee's findings are consistent with each other and with the conclusions of law and whether they can be sustained without a capricious disregard of competent evidence. *Hepp v. Workmen's Compensation Appeal Board (B.P. Oil Co.)*, 67 Pa. Commonwealth Ct. 330, 447 A.2d 337 (1982). Questions of evidentiary weight and credibility and the resolution of conflicts in the medical testimony are for the referee, not this Court. *Cox v. Workmen's Compensation Appeal Board*, 60 Pa. Commonwealth Ct. 59, 430 A.2d 1009 (1981). In the case at bar, the resolution of the ultimate issue, *i.e.*, whether Decedent's fatal heart attack was caused by his employment, hinged on the resolution of the conflict between the two doctors who stated that it was and the doctor who was of the unequivocal opinion that it was not. The referee elected to accept the expert opinion of the latter. This is not a capricious disregard and we are not free to overturn the referee's decision. *Cox.*

Finally, Claimant seeks a rehearing on the grounds that the referee's precluding as hearsay her testimony as to statements made by Decedent concerning the effect the assignment to ''Car Number One'' was having on him was in error. She similarly challenges the referee's limitation of the testimony of Decedent's fel-

low officers which the referee felt was repetitive. In each instance, however, the referee's limitation was, at worst, harmless error. The policemen, especially the lieutenant who rode with Decedent, gave extensive descriptions of the effect of the assignment to "Car Number One" on Decedent. Claimant has failed to indicate how either her own additional testimony or that of the other officers would be anything other than cumulative with respect to that already adduced and we therefore find nothing upon which to justify ordering a rehearing. *See Besco v. General Woodcraft & Foundry,* 7 Pa. Commonwealth Ct. 32, 298 A.2d 60 (1972).

## Order

Now, January 14, 1983, the opinion and order of the Workmen's Compensation Appeal Board in the above captioned matter, No. A-78444, is hereby affirmed.