Voitek TV Sales & Service, Inc., Petitioner *v.* Workmen's Compensation Appeal Board (Joan Brunges, Widow of Floyd), Respondents.

Argued September 13, 1982, before Judges ROGERS, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

476

*Cal A. Leventhal,* for petitioner.

*Sandor Yelen,* for respondent, Joan Brunges, widow of Floyd Brunges.

OPINION BY JUDGE WILLIAMS, JR., January 31, 1983:

In this case the employer appeals from a determination of the Workmen's Compensation Appeal Board (Board) that the decedent's widow (claimant) is entitled to benefits because her husband's fatal heart attack was work-related. We affirm.

Testimony indicates[1] that decedent worked as a television repairman for his brother-in-law. On February 28, 1979, while he was servicing a television

---

[1] The Court has been extremely hampered in its review of this case because the major portion of what are called "findings of fact" in the referee's decision are merely summarizations of testimony. A statement that a witness testified concerning certain events is *not* a finding of fact. A determination of whether or not the event actually occurred *is* such a finding. It is in making such a decision that the referee exercises his authority to assess credibility and resolve conflicts in the testimony. Although in this instance "findings" numbered 3, 4, and 5 are not, in fact, findings, they nevertheless permit this Court to determine which medical testimony was believed by the referee, and "whether substantial evidence supports the conclusions reached." *Marcks v. Workmen's Compensation Appeal*

in a customer's home, he exhibited symptoms of physical discomfort, including breathing difficulties, grey color, excessive perspiration, abdominal pains, cramps and diarrhea. He was taken by ambulance to the hospital, where he promptly died of what his autopsy lists as coronary thrombosis, pulmonary edema, coronary artery atherosclerosis, and a myocardial infarction.

At the referee's hearing, the claimant's medical expert testified that he had not known the decedent; his information was based upon a history[2] given to him by the claimant, and upon the decedent's autopsy report. He recited a brief summary of the decedent's activities on the day in question, and then, in response to questioning, opined that the physical activities performed by the decedent for the employer on the day of his demise caused the heart attack from which he died. The referee awarded benefits.

------

*Board,* 65 Pa. Commonwealth Ct. 107, 442 A.2d 9 (1982), cited with approval in *Marincov v. Workmen's Compensation Appeal Board,* 71 Pa. Commonwealth Ct. 194, 454 A.2d 670 (1983).

[2] The contested history, as recited by the doctor at the hearing, is as follows:

The deceased, Floyd Brunges, had not been seen or treated by a physician for many years. On February 28, 1979, as part of his duties working for Voitek TV, delivering and repairing television sets all day long he was repairing a TV set at the home of William Baker of Terrace Avenue, Dallas, Pennsylvania, and it was necessary for him to move this 25 inch console Magnavox television set weighing approximately 125 pounds from the wall, approximately 4 feet in order to perform his work upon same. He moved the set and after performing this procedure he had trouble getting his breath, had difficulty in breathing, his color became poor, began to perspire and complained of marked shortness of breath. He was admitted to the Nesbitt Hospital at approximately 5:40 p.m., and he was pronounced dead at 6:10 p.m. The autopsy then revealed an acute coronary thrombosis of the left circumflex coronary artery.

The employer appealed that decision, alleging that the doctor's statement of events was hearsay not otherwise supported by the record and therefore inadmissible. The Board summarized the testimony of other witnesses, including the employer himself[3] and the individual in whose home the fatal attack occurred. It concluded that the doctor's testimony was adequately supported by other evidence of record, and affirmed the referee.

On appeal to this Court the employer raises the same issue. Our scope of review in such cases is limited to a determination of whether an error of law was committed, any constitutional rights were violated, or any necessary findings of fact are unsupported by substantial evidence. *Westinghouse Electric Corp. v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 50, 381 A.2d 191 (1977). Employer couches his appeal in terms of alleged interrelated errors of law—first, the admission of the testimony of the claimant's medical witness, since it relied upon hearsay, and second, basing a finding on that allegedly unsubstantiated evidence. We find no merit in either assignment of error.

Where the decedent was performing one of his usual duties of his employment, and there is unequivocal[4] medical testimony elicited to establish a

---

[3] The referee's summary of the testimony of the employer was to the effect that the job-related activities that the decedent had performed that day included delivering two 75-pound portable televisions to customers' homes, and carrying a 65-75 pound tool box to each job.

[4] For a discussion of what constitutes unequivocal medical testimony, *see Rosenberry Brothers Lumber Co. v. Workmen's Compensation Appeal Board,* 36 Pa. Commonwealth Ct. 283, 387 A.2d 526 (1978) ; *Workmen's Compensation Appeal Board v. Bowen,* 26 Pa. Commonwealth Ct. 593, 364 A.2d 1387 (1976).

causal connection between that work and the fatal heart attack, the claimant is entitled to benefits. *Workmen's Compensation Appeal Board v. Jeddo Highland Coal Company,* 19 Pa. Commonwealth Ct. 90, 338 A.2d 744 (1975). Claimant's witness provided such testimony here, but the employer challenges it because of its hearsay nature. This is not the first time such an issue has been raised. In *Plumbers Contractors, Inc. v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 338, 402 A.2d 555 (1979), the testimony of the decedent's medical expert was based upon a medical report and a statement of an unidentified co-worker of the decedent. This Court determined in that instance that the report and the statement, being hearsay, could not be the exclusive basis for a grant of benefits, but were properly "considered along with all other evidence in deciding the claim." *Id.* at 340, 402 A.2d at 557. In that case the other evidence to be considered was

> overwhelming circumstantial evidence (which) cries out that whatever the exertion was it occurred as part of the work activity and was the cause of the heart attack. . . .

*Id.* at 341, 402 A.2d at 557. *See also, Cody v. S.K.F. Industries, Inc.,* 447 Pa. 558, 291 A.2d 772 (1972), in which the Pennsylvania Supreme Court asserted that relevant and material hearsay testimony which is not inconsistent with facts established by circumstantial evidence may be considered in a workmen's compensation case.

Our examination of the record leads us to conclude that the facts to which the doctor testified are supported either by strong circumstantial evidence or by the actual testimony of other witnesses, and that the referee did not commit error of law in admitting that testimony and granting benefits.

480

ORDER

AND Now, this 31st day of January, 1983, the Order of the Workmen's Compensation Appeal Board dated April 23, 1981, entered to Docket No. A-79284, is hereby affirmed.