Douglas Miller, Petitioner *v.* Workmen's Compensation Appeal Board (Atlas Powder Company), Respondent.

Argued February 4, 1982, before President Judge CRUMLISH and Judges ROGERS and DOYLE, sitting as a panel of three.

*Maureen Krueger,* with her *Lester Krasno,* for petitioner.

*Charles M. Miller, Rubright, Domalakes, Troy & Miller,* for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., July 19, 1982:

Miller appeals a Workmen's Compensation Appeal Board order which affirmed the referee's dismissal of his claim.[1] We affirm.

---

[1] Miller filed his claim petition on August 2, 1976. The referee dismissed the claim after two hearings. On appeal, the Board reversed and remanded for further fact finding. After two remand hearings, the referee again denied benefits. On appeal, the Board affirmed. Miller now appeals to this Court.

Miller allegedly suffered a back injury after a slip and fall on ice while loading a truck on November 21, 1975.[2] His disability extended from March 22, 1976 to June 7, 1976, and from July 8, 1976 to October 19, 1976.[3] The referee denied benefits concluding (1) that Miller failed to give his employer proper notice of his injury within 120 days of November 21, 1975 as required by Section 311 of The Pennsylvania Workmen's Compensation Act[4] (Act), and (2) that he did not establish an injury that was job-related.

Where the party with the burden of proof has not prevailed below, this Court's scope of review is limited to determining whether the factual findings are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence. *Haney v. Workmen's Compensation Appeal Board*, 65 Pa. Commonwealth Ct. 461, 442 A.2d 1223 (1982).

Miller contends that his immediate supervisor, David Truskey, witnessed his fall and, under Section 313 of the Act,[5] knowledge on the part of a supervisor is imputed to the employer. He asserts that the ref-

---

[2] In his claim petition, Miller alleged the injury occurred on February 13, 1976 when he "slipped on ice in plant loading zone." At his initial hearing before Referee Noonan, Miller amended his claim petition, changing the date of the alleged injury to November 21, 1975.

[3] Miller filed a second claim petition asserting injury on December 4, 1978. The referee also dismissed this claim, but the Board reversed and remanded for further fact finding as to this injury only. Miller appeals only that portion as to the November 21, 1975 injury.

[4] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §631.

[5] Section 633 provides:

The notice referred to in sections three hundred and eleven and three hundred and twelve may be given to the immediate or other superior of the employe, to the employer, or any agent of the employer regularly employed at the place of

eree capriciously disregarded competent evidence by finding that Truskey was merely a fellow employee without authority to receive notice of employee injuries.[6]

Capricious disregard, by definition, involves a willful, deliberate disbelief of an apparently trustworthy witness, whose testimony one could not possibly challenge. *Jones and Laughlin Steel Corp. v. Workmen's Compensation Appeal Board*, 41 Pa. Commonwealth Ct. 223, 399 A.2d 444 (1979). A review of the record clearly evinces support for the referee's finding.[7]

Since our holding affirms the referee's conclusion that notice was improperly served upon the employer, it is unnecessary to address the issue of causation.

Affirmed.

### ORDER

The Order of the Workmen's Compensation Appeal Board, No. A-79579, dated April 16, 1981, is hereby affirmed.

Judge MENCER did not participate in the decision in this case.

---

employment of the injured employe. Knowledge of the occurrence of the injury on the part of any such agents shall be the knowledge of the employer.

77 P.S. §633.

[6] The Board's remand order specifically instructed the referee to make findings and conclusions as to whether David Truskey saw or was informed of any injury to Miller on November 21, 1975; whether he was Miller's immediate superior and, if found in the affirmative, a conclusion as to whether or not said circumstances were notice under the Workmen's Compensation Act.

[7] It is solely within the purview of the referee to determine credibility. *See American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board*, 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977). Such a determination was made against Miller in light of his conflicting testimony as to the dates, time and witnesses to his fall on the ice.