Pennsylvania State Oral School, Petitioner *v.* Workmen's Compensation Appeal Board (Gerek, w/o Michael), Respondents.

Argued December 8, 1983, before Judges WILLIAMS, JR., BARRY and BARBIERI, sitting as a panel of three.

*William C. Steppacher,* for petitioner.

*Paul A. Barrett, Nogi, O'Malley, Harris & Schneider, P.C.,* for respondent, Elizabeth Gerek, widow of Michael Gerek.

OPINION BY JUDGE BARBIERI, May 9, 1984:

Pennsylvania State Oral School (Employer) appeals here an order of the Workmen's Compensation Appeal Board (Board) which reversed a referee's disallowance of compensation and remanded for determination of benefits due for the work-related death of Michael Gerek payable to his widow, Elizabeth Gerek (Claimant), on her behalf and on behalf of their five children, all of whom were dependent upon decedent for their support at the time of his death. We will affirm.

We are aware, of course, as was the Board, that a compensation referee is the ultimate trier of factual issues, *Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973); that a referee's findings may not be disregarded by the Board or by this Court except when such findings are not supported by the evidence; and that where the referee's findings are against the party having the burden of proof, appellate review is limited to determining whether the referee capriciously disregarded competent evidence in reaching his factual conclusions. *Miller v. Workmen's Compensation Appeal Board,* 67 Pa. Commonwealth Ct. 493, 447 A.2d 721 (1982); *Killian v. Workmen's Compensation Appeal Board,* 62 Pa. Commonwealth Ct. 29, 434 A.2d 906 (1981).

Nevertheless our review of the record in this case, in light of the statements of the referee in his decision, leads us to conclude that (1) he misconceived the legal and factual nature of the hypothetical question put to Claimant's medical witness and his role as referee with regard thereto, and (2) he misconstrued the testimony in support of Claimant's burden to show that her deceased husband's death was work-related. The result is that the referee's factual determinations, based on erroneous legal conclusions, are in capricious disregard of the uncontradicted evidence.

We agree with the Board that the foundation for the referee's finding that "the decedent's death was not caused by or related to his employment" is contained in his "DISCUSSION" as follows:

The claimant's medical witness was asked to assume that the temperature was particularly hot, or very hot, and that the boiler room was five to 10 degrees in excess of the normal; that more than one boiler was in operation; and that he removed ashes from the boiler. The witness also assumed that this was an acute coronary thrombosis resulting from excessive labor. These assumptions are not supported by the record. Therefore, the doctor's opinion is incompetent[1] to prove a causal connection. (Footnote added.)

---

[1] The referee's use of the term "incompetent" raises the question of whether he was ruling as a matter of law that the facts stated were, if proved, insufficient to sustain a competent opinion based thereon, or whether he was stating that the factual base in the hypothetical question was not supported by substantial evidence. Our interpretation is the latter as we believe was also the Board's view. In either event, however, since the referee was reaching a legal conclusion, his reasoning and conclusion were reviewable by the Board and by this Court.

The assumptions referred to in this quote are the ones contained in the hypothetical question put by Claimant to her medical witness, Dr. Salvatore R. Pettinato, as follows:

Q. Now, Doctor, I would like you, if you can, to assume the following facts to be true. On May 28, 1978, Mr. Gerek, as a boiler man, or stationary engineer, at the Pennsylvania State Oral School was required, as part of his job, to take a 200 to 250 pound wheelbarrow, with coal, and fire boilers. As part of firing that boilers, he would take No. 12 coal shovels and lift and throw coal shovels full, approximately eight foot into the boiler to fire the boiler; on that date of May 28th, the temperature was approximately five to ten degrees more than normal, or more than the average or more than the temperature for that day, which varied anywhere from 70° to 80°, and it's been variously described as a very hot, or a hot day; in addition, Doctor, I'd also like you to assume that as part of Mr. Gerek's job duties, it was required that he take a rake and spread ashes, and if possible, remove ashes from the boiler—although we're not positive that he did that on that day, in addition, I'd like you to assume that the testimony reveals that Mr. Gerek was found in front of a boiler room which was a room with windows closed, but with a door open, in a supine or laying down position on one side, with what appeared to the witness to be a red handkerchief either in his hand or next to his hand, and appeared to have been white-ashed and dead for some period of time when he was found at approximately nine o'clock in the evening. Doctor, assuming those facts to be true, do you have

an opinion to reasonable medical certainty as to the cause of Mr. Gerek's death?

We have examined the record, as did the Board, and conclude that the basic facts assumed in the question are supported by the evidence and that Dr. Pettinato's opinion in response thereto unequivocally established that Michael Gerek's death was causally related to his employment.

As noted by the Board, the hypothetical question was not objected to and the referee's complaints as to its contents are entirely *sua sponte*. Furthermore, defendant adduced no medical testimony whatsoever and failed to weaken Dr. Pettinato's solid opinion on cross-examination.

In order for a complaint concerning a hypothetical question to be valid, barring outright assumption of unsupported fact, there must be a timely objection and the specific elements of the question which are objectionable must be brought to the attention of the examiner. In *Borough of Morrisville v. Workmen's Compensation Appeal Board,* 54 Pa. Commonwealth Ct. 41, 419 A.2d 813 (1980), we stated:

> The Superior Court of Pennsylvania has held that absent a definitive statement of the particular grounds for objection, the points are not preserved for Appellate review. Sunseri v. RKO-Stanley Warner Theatres, Inc., 218 Pa. Super. 111, 374 A.2d 1342 (1977). Appellant cannot simply wait until the appeal to raise the particulars of the matter. As appellate brief is not the proper device for raising an objection not properly made below. Where no proper objection was taken to testimonial evidence presented at the hearing, the propriety of the admission of that evidence cannot be considered on appeal.

*Id.* at 48, 419 A.2d at 817; *see also Alcoa v. Workmen's Compensation Appeal Board,* 49 Pa. Commonwealth Ct. 152, 410 A.2d 945 (1980); *Workmen's Compensation Appeal Board v. Jeddo Highland Coal Company,* 19 Pa. Commonwealth Ct. 90, 338 A.2d 744 (1975).

In *Gordon v. State Farm Life Insurance Co.,* 415 Pa. 256, 203 A.2d 320 (1964), a unanimous Supreme Court, in an opinion by the late Justice Musmanno, stated:

> If the particular hypothetical question under fire was inadequate or unfair, it devolved upon defendant's counsel to object in such a manner to permit plaintiff's counsel to amend the question. Moreover, defendant's counsel had full opportunity to put his own hypothetical questions to the doctors. On this subject the Superior Court said in Randolph v. Shannopin Coal Co., 142 Pa. Superior Ct. 389: "If opposing counsel are of the opinion that material facts are not included in a hypothetical question, they may incorporate those facts in questions asked on cross-examination, and may also frame questions involving a consideration of facts which they contend are established by the evidence."

*Id.* at 260, 203 A.2d at 322.

Finally, we find no error in the Board's conclusion that there was a capricious disregard of competent evidence by the referee in finding and concluding that Claimant had failed to prove decedent's death was related to his employment. *See Vovericz v. Workmen's Compensation Appeal Board,* 41 Pa. Commonwealth Ct. 94, 398 A.2d 734 (1979); *Ney v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 381, 327 A.2d 402 (1974).

Moreover, it seems apparent to us, as indicated by the Board, that the referee has misconceived Claimant's burden to prove the causal relationship of an employe's injury or death to his employment under Section 301(c)(1) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411(1). Under the Amendment of 1972, Act of March 29, 1972, P.L. 159, it need only be established (1) that Claimant's injury or death arose in the course of his employment and (2) that such "injury arising in the course of his employment":

caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment.

As it was pointed out in *Workmen's Compensation Appeal Board v. Bernard S. Pincus Co.,* 479 Pa. 286, 388 A.2d 659 (1978), where a heart death such as the one in this case was involved:

Since the enactment of the 1972 amendments to the Workmen's Compensation Act, the Commonwealth Court has consistently held that where a decedent was performing his or her usual job assignment at the time of the fatal heart attack, and the connection between the work and the heart attack was supported by competent medical testimony, decedent's claimant was entitled to compensation. (Citing many cases).

Accordingly, contrary to the apparent view of the referee in this case, it is not necessary to prove and

identify the precise work details which caused a heart death that resulted from decedent's exceptional work activity. *Plumbers Contractors, Inc. v. Workmen's Compensation Appeal Board.* 43 Pa. Commonwealth Ct. 338, 402 A.2d 555 (1979). In *Plumbers Contractors, Inc.* we stated:

> In the case before us the medical testimony is quite clear and both Doctors agreed that the death was caused by a heart attack brought on by exertion. The matter which is not clear is not whether it was caused by exertion, this is clear; rather what is not clear is what the exertion could have been. This need not be decided for the overwhelming circumstantial evidence cries out that whatever the exertion was it occurred as part of the work activity and was the cause of the heart attack which resulted in his death. This is more than sufficient to support the award.

*Id.* at 341, 402 A.2d at 557.

We shall accordingly affirm.

### ORDER

AND Now, this 9th day of May, 1984, the order of the Workmen's Compensation Appeal Board at No. A-81719, dated June 17, 1982, is affirmed.