Vare Brothers and Employers Insurance of Wausau, Petitioners *v.* Workmen's Compensation Appeal Board (Chiaradonna), Respondents.

Orlando Chiaradonna, Petitioner *v.* Workmen's Compensation Appeal Board (Vare Brothers and Employers Insurance of Wausau), Respondents.

Argued June 4, 1985, before Judges ROGERS, BARRY and PALLADINO, sitting as a panel of three.

*Frank J. Rubinate*, with him, *James K. Martin*, for petitioners.

*Howard Farber*, for respondent, Orlando Chiaradonna.

OPINION BY JUDGE ROGERS, August 20, 1985:

Vare Brothers, the employer, and Orlando Chiaradonna, the worker, has each filed a petition for review of an order of the Workmen's Compensation Appeal Board which (1) affirmed a referee's award of specific loss benefits to the worker for the complete loss of hearing in both ears pursuant to Section 306(c) of The Pennsylvania Workmen's Compensation Act (Act),[1] 77 P.S. §513(8), and (2) reversed the referee's award of counsel's fees against the employer.

The worker's employment was as a laborer. In January, 1979, the worker and a co-worker, described as the lead man on the job, were using jackhammers to break concrete at the bottom of a seven foot deep pit when the worker experienced a sudden loss of hearing in both ears. He informed the co-worker of this and left the pit. After about ten minutes, the hearing in the worker's right ear substantially returned; he continued unable to hear in his left ear.

The worker filed a claim petition for compensation averring that the use of a jackhammer in the course

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §513(8).

of his employment resulted in the complete and permanent loss of hearing in his left ear and a permanent high frequency loss of hearing in his right ear. The referee, after hearing, awarded the worker (1) benefits for "complete loss of hearing in both ears"; (2) benefits for a ten week healing period; (3) twenty percent penalties for unreasonable delay; and (4) twenty percent attorney's fees against the employer for unreasonable contest. The board, as mentioned, affirmed the referee's award of benefits for complete loss of hearing in both ears, but reversed the award of benefits for a ten week healing period, the award of twenty percent penalty for delay, and the award of twenty percent for attorney's fees.

The employer challenges the board's award of compensation for complete loss of hearing. The worker concedes that the board properly reversed the award of benefits for a healing period and the award of a penalty for delay, but argues that the board improperly reversed the referee's award of attorney's fees.

The employer alleges that the referee's award of benefits for the worker's complete loss of hearing in both ears should be overturned because (1) the worker failed to give notice of his injury within 120 days of its occurrence as required by Section 311 of the Act, 77 P.S. §631; (2) there is no evidence that the worker has experienced a complete loss of hearing in both ears because he can hear by his right ear; and (3) the record contains no evidence that the worker's loss of hearing in his left ear was work-related.

Section 311 of the Act, 77 P.S. §631, provides in pertinent part, that:

Unless the employer shall have knowledge of the occurrence of the injury, or unless the employe or someone in his behalf, or some of the depen-

dents or someone in their behalf, shall give notice thereof to the employer within twenty-one days after the injury, no compensation shall be due until such notice be given, and, unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed.

Although the referee did not explicitly find that the worker gave timely notice of his injury to the employer, a finding of such notice is implied by the referee's findings that at the time of his injury the worker told the lead man "that he felt a shock going through his ear and the ear was bothering him" and that the lead man had "worked for Vare Brothers for 22 years and was a foreman for 17 years." The worker testified that he told the lead man of his injury when it happened and that a month after the accident he asked the lead man to see that his medical bills were paid.

Under the circumstances, we believe that the lead man's knowledge of the worker's injury was properly imputed to the employer, *Padilla v. Chain Bike Corp.*, 27 Pa. Commonwealth Ct. 190, 365 A.2d 903 (1976); *Workmen's Compensation Appeal Board v. Edgewater Steel Co.*, 23 Pa. Commonwealth Ct. 3, 349 A.2d 775 (1976), and that the worker's claim is not barred by Section 311.

We also observe that, although the employer denied receipt of notice of the worker's injury in its answer to the worker's claim petition and examined the worker on this issue at the referee's hearing, it did not mention the notice issue in its exceptions to the referee's decision filed with its appeal to the board and that the board's regulation at 34 Pa. Code §111.14(a) provides that "[a]ppeals should state the specific exceptions to determinations by the referee and shall be sufficiently complete to frame the issue or issues on appeal."

With respect to the worker's loss of hearing, we agree with the employer that the referee's finding that he experienced the complete loss of hearing in both ears is not supported by the evidence. The testimony of the worker's treating physician on direct and cross-examination is to the effect that the worker experienced a complete loss of hearing only in his left ear and that he suffered only a minimal loss of hearing in his right ear.

Worker's Counsel: How about the [worker's] right ear, doctor?

Doctor Spector: The right ear has a dip at 4,000 cycles.

Worker's Counsel: What type of a percentage loss would you say he has in the right ear?

Doctor Spector: A small percentage.

Worker's Counsel: Would it be ten to fifteen percent, in that range?

Doctor Spector: Yes, around there.

Worker's Counsel: What are some of the difficulties that he will be facing based on your experience due to his inability to hear in his left ear?

Doctor Spector: For all practical purposes, his left ear is useless, he's only hearing from his right ear.

. . . .

Employer's Counsel: In this case, any loss [the worker] suffers in his right ear is really not significant in your opinion, is it?

Doctor Spector: No, not much.

Employer's Counsel: And you would not consider [the worker] to have suffered a complete permanent loss of use of his hearing in his right ear, for all practical intents and purposes, would you doctor?

Doctor Spector: Complete loss of hearing?

Employer's Counsel: Yes.

Doctor Spector: Oh, no. Not in his right ear.

The employer's medical evidence was to the same effect. The worker testified that he heard well in his right ear; that he hears well when conversing with one person but that he has some difficulty in discussion with several persons. There is no evidence in this record, by medical testimony or otherwise, that the worker has suffered a complete loss of hearing in both ears.

The employer does not dispute that the worker has experienced the complete loss of hearing in his left ear. It contends, however, that the referee's finding that this hearing loss was caused by his employment is not supported by substantial evidence because the worker's medical expert was equivocal. We disagree.

Medical evidence is not equivocal merely because the witness is not absolutely certain concerning every question posed; as to facts which the claimant must prove by medical evidence, it is sufficient that the medical expert testifies that in his professional opinion or that he believes or that he thinks that the crucial facts exist. *Philadelphia College of Osteopathic Medicine v. Workmen's Compensation Appeal Board (Lucas)*, 77 Pa. Commonwealth Ct. 202, 465 A.2d 132 (1983).

Here, the worker's medical expert was a board-certified otolaryngologist who examined and treated the worker on several occasions. The medical witness testified to "a reasonable degree of medical certainty" that the worker's permanent loss of hearing in his left ear was the result of a fistula in his inner ear caused by his exposure to noise created by the jackhammers at work. Although on cross-examination the medical

witness conceded that the worker's loss of hearing in his left ear did not fit the usual pattern of noise-induced hearing loss and that his diagnosis of a fistula could not be absolutely confirmed without surgical exploration, he consistently maintained that it was his opinion that the worker's hearing loss was caused by the noise from the jackhammers at work. Certainly this testimony is sufficient to establish the connection between the worker's loss of hearing in his left ear and his employment.

With respect to the award of attorney's fees, Section 440 of the Act, 77 P.S. §996, provides in pertinent part as follows:

> In any contested case where the insurer has contested liability in whole or in part, the employe . . . in whose favor the matter at issue has finally been determined shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established. . . .

The board's reversal of the referee's award of attorney's fees based on its finding that the employer had reasonable grounds to contest the worker's claim petition is a conclusion of law subject to review by this Court. *Beaver Supermarket v. Workmen's Compensation Appeal Board,* 56 Pa. Commonwealth Ct. 505, 424 A.2d 1023 (1981). We find no error in the board's conclusion. The employer adduced expert medical testimony to the effect that the worker's loss of hearing was not work-related but rather was caused by viral infection. This evidence is in direct conflict with

the worker's medical evidence and constitutes reasonable grounds to contest the worker's claim petition.

The board's order is vacated insofar as it awards the worker compensation for complete loss of hearing in both ears and the record is remanded for computation of benefits for complete loss of hearing in one ear; in all other respects the board's order is affirmed.

ORDER

AND Now, this 20th day of August, 1985, the order of the Workmen's Compensation Appeal Board is vacated insofar as it awards the claimant compensation for complete loss of hearing in both ears and the record is remanded for computation of benefits for complete loss of hearing in one ear; in all other respects the board's order is affirmed.