NORTHWEST MEDICAL
CENTER, Petitioner

v.

WORKERS' COMPENSATION AP-
PEAL BOARD (CORNMES-
SER), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 8, 2005.
Decided Aug. 12, 2005.

Richard E. Bordonaro, Erie, for petitioner.

No appearance entered on behalf of respondent.

BEFORE: McGINLEY, J., LEAVITT, J., and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Northwest Medical Center (Employer) petitions for review from an order of the Workers' Compensation Appeal Board (Board) which affirmed the decision of a Workers' Compensation Judge (WCJ) granting the claim petition filed by Kenton Cornmesser (Claimant). We affirm.

Claimant worked as a registered nurse for Employer. Claimant filed a claim petition alleging he sustained a work-related injury on March 21, 2001. At the WCJ's hearing, Claimant testified that he was moving a large patient on Monday, March 21, 2001, when he felt something pop in his back and mentioned it to his co-worker. Although Claimant's back was stiff and he felt pain, he continued his shift. The next morning, which was Claimant's scheduled day off, Claimant awoke with a lot of back pain, which was made worse when he moved. Claimant noted that on Wednesday, the pain continued to increase so he called his chiropractor. By Friday, the earliest the chiropractor could see him, Claimant was having difficulty getting into a chair, walking and also had pain down his leg. Claimant had another chiropractic treatment on Saturday, and also received some herbal non-prescription muscle relaxants.

Claimant reported for work Saturday evening and requested light duty work because of the pain. Claimant completed his shift and on Sunday spent the day on the couch because of the pain. Claimant had pain so severe on Monday that he could not move. On Tuesday, Claimant's doctor phoned a prescription for muscle

relaxants and told Claimant to go to the hospital if his symptoms did not improve. On Wednesday Claimant, unable to walk, crawled to his car and his wife drove him to the hospital.

Claimant was hospitalized on March 28, 2001 for a herniated disc at the L5–S1 level. On April 8, 2001 Claimant underwent a microdiscectomy to treat the disc. Claimant subsequently returned to light duty work on April 11, 2001 and on May 20, 2001 Claimant was released to return to regular duty.

The WCJ credited Claimant's testimony and awarded him total disability benefits from March 28, 2001 until April 11, 2001 and partial disability benefits for the period April 11, 2001 until May 20, 2001 and suspended Claimant's benefits thereafter. The WCJ also awarded attorney's fees and ordered the payment of Claimant's medical expenses and reimbursement of Claimant's costs. Employer appealed to the Board which affirmed the WCJ's decision in all respects but remanded to the WCJ for the limited purpose of allowing Claimant to submit medical bills on the proper forms.

■ On remand, the WCJ in his decision noted that Claimant's counsel had informed him that all medical bills had been paid. Counsel for Employer agreed that there was no issue to adjudicate concerning any medical bills. This appeal by Employer followed.[1]

■ Initially, Employer claims that Claimant failed to present unequivocal medical evidence to establish a causal relationship between the work incident and Claimant's disability. We observe, however, that not all cases require medical evidence. In cases where the causal con-

nection is obvious, medical evidence of causation is not necessary. *Kensington Manufacturing Company v. Workers' Compensation Appeal Board (Walker)*, 780 A.2d 820 (Pa.Cmwlth.2001). A causal connection is obvious where an individual is doing an act that requires force or strain and pain is immediately experienced at the point of force or strain. *Gartner v. Workers' Compensation Appeal Board (Kmart Corporation)*, 796 A.2d 1056 (Pa.Cmwlth.2002), *petition for allowance of appeal denied*, 572 Pa. 713, 813 A.2d 846 (2002).

Here, Claimant testified that on March 21, 2001, he was moving a large patient when he felt a pop and immediately experienced pain and stiffness in his back. Subsequently, his condition worsened throughout the week such that he was hospitalized and ultimately operated on for a herniated disc. Here, the WCJ found the testimony of Claimant credible and through his testimony properly determined that the requisite relationship existed to establish a work-related injury.

The credible testimony of Claimant that he felt something pop in his back, he felt pain, his back became stiff and he mentioned it to a co-worker, woke with a lot of back pain the next day, called his chiropractor and saw him at the earliest possible date with symptoms not previously present are substantial evidence supporting the WCJ's finding of the work injury.

■ Employer also takes issue with Claimant's testimony arguing that it was not credible. Specifically, Employer points out that Claimant did not mention a previous back injury he incurred before working for Employer and that the medi-

---

1. Our review is limited to determining whether constitutional rights were violated, an error of law committed and whether necessary findings are supported by substantial evi-

dence. *Guthrie v. Workers' Compensation Appeal Board (Travelers' Club, Inc.)*, 854 A.2d 653 (Pa.Cmwlth.2004).

cal evidence supplied by Claimant refers to an injury date of March 13, 2001, rather than March 21, 2001, the date Claimant maintains he felt a pop in his back. Additionally, Employer maintains that Claimant's testimony was inconsistent as to a previous injury and that he supplied altered medical documentation.

We observe that the WCJ, however, explained in his decision that he accepted Claimant's explanation with regard to the above, namely that Claimant initially forgot about the previous injury but that it resolved itself shortly thereafter, and that there may have been a typographical error in the medical report. In addition, the WCJ found that Claimant had satisfactorily explained the change made on a medical form. As the ultimate fact finder, the WCJ has exclusive province over questions of credibility and evidentiary weight, *Williams v. Workers' Compensation Appeal Board (USX Corporation–Fairless Works)*, 862 A.2d 137 (Pa.Cmwlth.2004) and, as such, was free to accept as credible the testimony of Claimant.

Next, Employer argues that the WCJ erred in awarding counsel fees for an unreasonable contest. In accordance with Section 440 of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 996, when a claimant prevails in a litigated case, the WCJ must assess attorney's fees against the employer unless the employer satisfies its burden of establishing a reasonable basis for the contest. *Bell's Repair Service v. Workers' Compensation Appeal Board (Murphy, Jr.)*, 850 A.2d 49 (Pa.Cmwlth.2004). Here, Employer argues that attorney's fees should not have been awarded because Claimant presented no medical evidence to support his claim and Claimant's credibility was at issue.

As previously stated, however, where as here, a causal connection is obvious, medical testimony is not necessary to establish a connection between the work incident and the disability. *Kensington.* Although Employer argues that Claimant's injury was not work-related, Employer produced no evidence to this effect. The medical report introduced by Employer merely stated that there were ongoing uncertainties regarding the issue of causation. As stated in *Bell's Repair*, absent some evidence to contradict or challenge the claimant's allegations that he suffered a work-related injury, a bald credibility challenge to an unwitnessed work-related injury is insufficient to show a reasonable contest.

Finally, Employer alleges that it was error when the Board, in its remand order permitted Claimant to introduce reasonable and necessary medical bills in accordance with the Act which were causally related to the work injury. Where, as here, medical bills have not been submitted in the proper form, the remedy is to remand the matter to the WCJ. *AT & T v. Workers' Compensation Appeal Board (DiNapoli)*, 728 A.2d 381 (Pa.Cmwlth. 1999). As such, the Board's remand order to the WCJ was proper. *Westinghouse Electric Corporation/CBS v. Workers' Compensation Appeal Board (Burger)*, 838 A.2d 831 (Pa.Cmwlth.2003).

In accordance with the above, the decision of the Board is affirmed.

### ORDER

Now, August 12, 2005, the order of the Workers' Compensation Appeal Board, in the above-captioned matter, is affirmed.