JJ White, Inc.,                     :
            Petitioner          :
                               :    No.  371 C.D. 2021
         v.                :
                               :    Submitted:  September 3, 2021
Kader Yahawi (Workers'        :
Compensation Appeal Board),   :
            Respondent    :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE ELLEN CEISLER, Judge

*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                FILED: December 2, 2022

       JJ White, Inc. (Employer) petitions for review of the March 31, 2021 order of the Workers' Compensation Appeal Board (Board) affirming the Workers' Compensation Judge's (WCJ) July 30, 2020, remand decision, which granted, in part, the claim petition of Kader Yahawi (Claimant), awarded Claimant total disability benefits for the closed period of November 7, 2015, to June 4, 2018, and granted Claimant's penalty petition. Upon review, we affirm.

## I. Procedural and Factual History

       Claimant, a member of Local 13 labor union, began working for Employer as a boilermaker on October 20, 2015. On November 7, 2015, Claimant was injured while lifting a bucket out of a hole, immediately feeling pain in his lower left side and back. Claimant stopped working and reported the injury to his

union shop steward, Ed Harkins, that same day. Claimant's primary care physician subsequently took him out of work. When Claimant returned to work with a medical note on November 16, 2015, Mr. Harkins advised him that he was being laid off.

On January 29, 2018, Claimant filed a claim petition alleging that he sustained a November 7, 2015 work injury in the nature of "bilateral knee and low back injuries." (Reproduced Record (R.R.) at 4a.) Employer filed an Answer to the claim petition generally denying all the Claimant's material allegations. Claimant also filed a penalty petition alleging that Employer violated the Workers' Compensation Act[1] (Act) by failing to file various Workers' Compensation Bureau (Bureau) documents and requesting penalties and unreasonable contest fees. *Id*. at 9a.

The WCJ held hearings on February 26, 2018, May 21, 2018, and October 15, 2018. Before the WCJ, Employer argued that Claimant did not satisfy the notice requirements of section 313 of the Act as he only reported his injury to the shop steward. Employer explained that Mr. Harkins never reported the alleged work injury to Employer and that it had first received notice of Claimant's injury on January 29, 2018, when Claimant filed his claim petition. Employer argued that its policy required employees to report injuries to the foreman and jobsite superintendent, and introduced its on-boarding documents, which stated:

> **Standard Work Rules for Field Employees —**
> **Safety/Security** — In the case of an accident, injury or incident of any type, you must immediately notify your Foreman and the jobsite Superintendent.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2710.

(R.R. at 185a.)

Employer's Vice President of Risk Management, Robert Celestino, confirmed that Mr. Harkins was an employee of Employer and Claimant's shop steward on the day of the incident. *Id*. at 341a-43a. He testified that the shop steward handles labor and personnel issues for union employees. *Id*. at 342a. He testified that the purpose of having a shop steward is so that the employees of the same craft can address any labor or personal issues they might encounter on the job. *Id*. He testified that a shop steward is not a superintendent or a foreman, or a boss or supervisor of workers. *Id*. Mr. Celestino testified, however, that if an employee is injured, that employee must initially report the injury to either the foreman or the site superintendent, who will then contact him or the safety coordinator. *Id*. at 337a. Mr. Celestino testified that Mr. Harkins never indicated to him that Claimant had been injured on the job. *Id*. at 343a.

Employer also presented the testimony of Phillip Russel, Employer's site manager. *Id*. at 290a. He testified that an employee is required to fill out an on-boarding package on the date of his hire. *Id*. at 291a. He stated that the shop steward was not a boss, supervisor, superintendent, or foreman. *Id*. at 293a. He testified that if an employee gets injured, that employee must contact the foreman or supervisor, who will then contact the safety manager, safety coordinator or whoever is on duty at that time. *Id*. at 293a-94a. Mr. Russel did not remember Claimant reporting an injury on November 7, 2015. He did not recall if the foreman was on the job on November 7, 2015. *Id*. at 295a.

Claimant also testified. He testified that before November 7, 2015, he never treated his low back and had no problems with his low back. *Id*. at 148a. He testified that he reported his work injury to Mr. Harkins, whom he considered to be his supervisor. He said that if a union employee has an issue or problem at work,

3

he is to report it to the shop steward, who in turn, is supposed to talk with the company. *Id*. at 88a. He said as a union worker, union employees were required to go to the shop steward with anything related to work. *Id*. at 88a-89a. Claimant testified that on Friday night, the date he was injured, he reported his injury to Mr. Harkins who told him to go home. He missed work on Monday. Mr. Harkins called him to check on why he was not at work and how he was feeling. When Claimant told him the doctor ordered him to stay off work for 10 days, Mr. Harkins told him to bring a note from the doctor when he returned. *Id*. at 89a-92a. When Claimant returned to work, he gave Mr. Harkins the doctor's note. Claimant stayed in the lunchroom and did not work that day. The following day, Mr. Harkins called Claimant to tell him he was laid off. *Id*. at 92a-93a.

In a January 28, 2019 decision, the WCJ found that Claimant failed to meet his burden of proving that he provided timely and adequate notice of the alleged work injury to Employer and, therefore, denied the claim petition. The WCJ stated that the case hinged on section 313 of the Act, which states:

> The notice referred to in sections 311 and 312 [of the Act] may be given to the immediate or other superior of the employe, to the employer, or any agent of the employer regularly employed at the place of employment of the injured employe. Knowledge of the occurrence of the injury on the part of any such agents shall be the knowledge of the employer.

77 P.S. §633.

The WCJ accepted as credible Claimant's testimony that he reported the alleged work injury to his shop steward, Mr. Harkins on November 7, 2015. The WCJ found credible the testimony of Employer's witnesses that a union shop steward such as Mr. Harkins is not a superintendent, foreman, boss, or supervisor

4

of employees, but is merely an employee of Employer. (WCJ decision, 1/28/19, at 8.) Therefore, the WCJ found that Claimant failed to demonstrate that Mr. Harkins was acting as an agent for Employer in terms of accepting reports of alleged work injuries pursuant to section 313 of the Act. *Id.* The WCJ found that Claimant's failure to provide timely notice to a foreman, supervisor, or jobsite superintendent severely impeded Employer's ability to investigate due to the passage of time, because Employer could not have Claimant examined in the context of an independent medical evaluation to potentially limit exposure on this case until June 4, 2018, approximately two and one-half years after the alleged injury. *Id.* at 9. The WCJ also determined that Claimant failed to meet his burden with respect to the penalty petition and that Employer demonstrated a reasonable contest. *Id.* at 10.

Claimant appealed to the Board, which reversed the WCJ's order. Citing *Penske Logistics v. Workers' Compensation Appeal Board (Troxel)*, 132 A.3d 1029, 1036 (Pa. Cmwlth. 2015), the Board noted that a title is not dispositive of whether a person is an agent of an employer for purposes of receiving notice of a work injury. Further, the Board determined that the WCJ capriciously disregarded relevant, competent evidence, and held that Mr. Harkins was an agent for Employer with authority to receive a report of an injury. (R.R. at 5a-44a.) In the Board's words:

> We determine that the WCJ capriciously disregarded relevant, competent evidence that Mr. Harkins was an agent for [Employer] to receive a report of an injury. A capricious disregard only occurs when the WCJ deliberately ignores relevant, competent evidence. *Capasso v. [Workers' Compensation Appeal Board] (RACS Assocs. Inc.)*, 851 A.2d 997 (Pa. Cmwlth. 2004). Although the WCJ found that Mr. Harkins was not in a

5

supervisory position, even though Claimant considered Mr. Harkins to be his supervisor, a title is not dispositive of whether a person is an agent. *Troxel*. A supervisory position is not the only requirement under the Act despite [Employer's] policy. *Padilla[ v. Chain Bike Corp*., 365 A.2d 903, 904-05 (Pa. Cmwlth. 1976)]. Our Act also allows an agent to receive a report of an injury. Here, both Claimant and Mr. Celestino testified that the shop steward handled labor and personnel issues for the union employees. Claimant also testified that he received his paychecks from Mr. Harkins, Mr. Harkins laid him off after Claimant reported an injury and gave a work-off note, Mr. Harkins called him to verify that Claimant took a week off work, and Claimant gave his work-off notice to Mr. Harkins. Under these facts, we determine that Mr. Harkins was an agent for [Employer], as Mr. Harkins acted with authority on behalf of [Employer] in handling labor and personnel issues.

(Board decision, 3/3/20 at 6.)

The Board remanded to the WCJ to make findings of fact and conclusions of law as to whether Claimant was injured in the course and scope of his employment, and to consider whether Employer violated the Act by failing to issue appropriate Bureau documents.[2]  The Board concluded that "remand would effectuate the Act's humanitarian objectives. [Section 101 of the Act,] 77 P.S. §1; *Cruz v. [Workers' Compensation Appeal Board] (Kennett Square Specialties*), 99 A.3d 397, 406 (Pa. 2014)."  (Board decision, 3/3/20, at 6.)

On remand, Claimant presented his deposition testimony and testified in person before the WCJ.  Claimant explained that prior to the 2015 work injury, he did not experience any back pain.  (R.R. at 152a.)  Claimant testified that after

---

[2] Employer sought review of the Board's order.  In a *per curiam* order dated June 23, 2020, this Court quashed the appeal as interlocutory.  (R.R. at 48a.)

the work injury he was laid off. He worked a couple of hours a day delivering pizza from September 2016 through November 2016 but quit because of pain and the physical demands of the job. *Id*. at 171a-72a. He got paid $4 per hour plus tips. *Id*. at 98a, 145a. He testified that since the injury he has been living on annuity money from his retirement fund. *Id*. at 165a. He testified that he is not retired from the union. *Id*. at 166a. He explained he is still a member of his union; he pays dues and attends monthly meetings. *Id*. at 154a.

Claimant presented the expert medical testimony of Thomas Whalen, D.O. (Dr. Whalen), who began treating him on January 24, 2018, and treated him on two other occasions. At the initial visit, Dr. Whalen obtained a history from Claimant, including the circumstances of the November 7, 2015, work injury. Physical examination revealed moderately severe reduced mobility, pain and spasm, decreased mobility in both knees, and lower extremity weakness. *Id*. at 196a. Dr. Whalen reviewed medical records, including a report of a lumbar MRI dated February 5, 2018, which revealed multiple disc protrusions in the lumbar spine. *Id*. at 198a. Dr. Whalen diagnosed Claimant with chronic low back pain secondary to a work injury, multiple disc protrusions, left lower extremity radicular pattern, and left hip girdle pain. *Id*. at 202a. On cross-examination, Dr. Whalen admitted that his opinion was not based on any prior examinations by any doctor and that he could not give an opinion of Claimant's medical condition prior to January 2018. *Id*. at 206a.

Over Employer's hearsay objection, Claimant entered into the record a treatment note from Christian Care New Castle Center dated November 12, 2015. This note was authored by nurse practitioner, Brenda D. Nardozzi, FNP. Ms. Nardozzi wrote "injured at work Friday working a tight space, heavy lifting" under

7

"History of Present Illness." *Id*. at 240a-42a. Claimant was given a prescription of Anaprox and Cyclobenzaprine, told to rest, and ordered to physical therapy if his condition was not improved. *Id*.

In opposition to the claim petition, Employer presented the expert medical testimony of Richard Schmidt, M.D. (Dr. Schmidt), who conducted an independent medical evaluation (IME) of Claimant on June 4, 2018. *Id*. at 267a. Based upon the physical examination of Claimant and his review of medical records, Dr. Schmidt opined that Claimant may have experienced a transient lumbar strain from which he had fully recovered as of June 4, 2018. *Id*. at 271a.

The WCJ issued a decision dated July 30, 2020, granting Claimant's claim petition, in part. The WCJ found Claimant's testimony credible and persuasive, holding that Claimant had met his burden of demonstrating that he suffered a temporary disabling work-related injury, arising in the course and scope of his employment. (WCJ decision, 7/30/20, at 8.) However, the WCJ also determined that Employer established Claimant had fully recovered from this work injury as of June 4, 2018, the date of the IME, and, therefore, terminated Claimant's benefits as of that date. *Id*. Employer appealed to the Board, which affirmed the WCJ's decision and order on March 31, 2021. Employer now appeals the Board's order to this Court for review.

## II. Issues

On appeal,[3] Employer raises the following issues:

---

[3] This Court's scope of review is limited to determining whether findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Meadow Lakes Apartments v. Workers' Compensation Appeal Board (Spencer)*, 894 A.2d 214 (Pa. Cmwlth. 2006). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. **(Footnote continued on next page…)**

1. Whether the Board improperly concluded that Claimant provided adequate and timely notice to any individual or agent of Employer to satisfy his burden under sections 311 through 313 of the Act?

2. Whether the Board erred as it relates to the start and length of the alleged disability, and finding that Claimant's injury was "obvious"?

3. Whether the Board erred as it relates to the finding that Employer waived the argument that Claimant "voluntarily took himself out of the job market" and the improper burden was applied?

4. Whether the Board erred as it relates to Claimant's work in a pizza shop and Employer's right to a credit for the same?

(Employer's Br. at 4.)

## III. Analysis

### A. Notice of Injury

Employer argues that the Board erred and exceeded its authority in overturning the WCJ's determinations of credibility and the weight to be accorded evidence as those are the prerogative of the WCJ, not the Board. *Vols v. Workers' Compensation Appeal Board (Alperin, Inc.)*, 637 A.2d 711, 714 (Pa. Cmwlth. 1994). Employer contends that by finding the shop steward was an agent of Employer for purposes of notice under the Act, the Board improperly disregarded the WCJ's fact finding role.

---

**(continued…)**

*Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 612 A.2d 434, 436 (Pa. 1992).

Under the Act, the claimant carries the burden of demonstrating that timely notice of an alleged injury was given. *C. Hannah & Sons Construction v. Workers' Compensation Appeal Board (Days)*, 784 A.2d 860, 864 (Pa. Cmwlth. 2001). Whether the employee gave adequate notice is based on the totality of the circumstances. Section 312 of the Act, 77 P.S. §632. Whether proper notice was given is a mixed question of fact and law. *Gentex Corporation v. Workers' Compensation Appeal Board (Morack)*, 23 A.3d 528, 534 (Pa. 2011).

Sections 311 and 312 of the Act, 77 P.S. §§631, 632, provide when and in what form a claimant must give notice to an employer in order to perfect his claim. Notice of a work-related injury is required within 120 days of the injury. 77 P.S. §631; *see also Katz v. Evening Bulletin*, 403 A.2d 518 (Pa. 1979). Section 313 of the Act directs who may accept a notice on behalf of the employer. Notice of a work-related injury may be given to the immediate **or other superior of claimant**, to the employer, **or any agent of the employer** regularly employed at the place of employment of the claimant. 77 P.S. §633 (emphasis added). Notice to a fellow employee is not adequate notice. *Miller v. Workers' Compensation Appeal Board (Atlas Powder Co.)*, 447 A.2d 721 (Pa. Cmwlth. 1982).

In *Padilla*, this Court explained that agent of the employer means "a person whose position justifies the inference that authority has been delegated to him by the employer, as his representative, to receive a report or notice of such accidental injury." 365 A.2d at 904-05. In that case, we held that a foreman whose duties included making accident reports for Spanish-speaking employees to the employer was an "agent of the employer." *Id*.

In *Vare Brothers v. Workmen's Compensation Appeal Board (Chiaradonna)*, 496 A.2d 1316, 1318 (Pa. Cmwlth. 1985), a claimant informed a

co-worker, described as "the lead man on the job," that he suddenly lost hearing in both ears after using a jack hammer in a pit. At the time of his injury, the claimant told the lead man "that he felt a shock going through his ear and the ear was bothering him" and that the lead man had "worked for Vare Brothers for 22 years and was a foreman for 17 years." *Id*. at 1318. The claimant testified that he told the lead man of his injury when it happened and that a month after the accident, he asked the lead man to see that his medical bills were paid. *Id*. This Court held that under those circumstances, the lead man's knowledge of the claimant's injury was imputed to the employer. Therefore, notice was proper under the Act.

Here, the WCJ found that Mr. Harkins was not a foreman or jobsite superintendent of Employer as required by the onboarding documents. We discern no error in the Board's decision to reverse the WCJ on the grounds that the WCJ capriciously disregarded evidence. First, as the Board noted, a supervisory position is not the only requirement under the Act despite Employer's policy. The Act also allows **an agent of the employer or other superior of the claimant** to receive a report of an injury. 77 P.S. §633. The undisputed evidence demonstrated that Mr. Harkins performed several functions as an agent of Employer for purposes of accepting reports of work injuries from union employees. He was, in effect, the liaison between Employer and the union employees. Employer's witnesses testified that the shop steward handled labor and personnel issues for the union employees. They both wholly agreed that when a union worker needs something, that worker speaks to the shop steward. Consistent with that testimony, Claimant explained credibly that if he missed a day of work or had issues on the job site, he spoke to Mr. Harkins. Claimant considered Mr. Harkins to be his supervisor. He received his paychecks from Mr. Harkins. Mr. Harkins told him to go home after

11

the injury and provide a medical note when he returned. Mr. Harkins called Claimant to verify that he took a week off work after the injury and to check on him. Mr. Harkins laid Claimant off after Claimant returned, reported the injury and gave his work-off notice. Under these facts, we determine, consistent with *Padilla* and *Vare Brothers*, that Mr. Harkins acted with authority on behalf of Employer in handling labor and personnel issues for union employees, which included receiving notice of a work-related injury and laying Claimant off after he was injured. Considering the foregoing, we find no error in the Board's conclusion that the WCJ capriciously disregarded that evidence and failed to properly apply the provisions of section 313 of the Act.

Further, that Employer may have had internal procedures with respect to the reporting of accidents is totally irrelevant in terms of the notice obligations of employees under the Act. This Court has held "[t]here is nothing in the notice sections of the Act which can in any way be said to require that an employee must conform with an employer's internal reporting procedures in order to become entitled to benefits under the Act." *Ziegler v. Workmen's Compensation Appeal Board (Oxford Mills)*, 516 A.2d 128, 129-30 (Pa. Cmwlth. 1986). Moreover, the fact that Mr. Harkins may not have informed Employer is also of no moment and does not create a defect in Claimant's notice. *Paul Arpin Van Lines v. Workmen's Compensation Appeal Board (Selvey)*, 609 A.2d 906, 908-09 (Pa. Cmwlth. 1992) (any failure by dispatcher of lending employer to inform the employer of the injury in question was not attributable to the employee and did not create any defect in notice to the employer).

Accordingly, Claimant provided adequate and timely notice under section 313 of the Act.

12

## B. Duration and Extent of Injury

Next, Employer argues that the WCJ and Board erred regarding the length of the alleged disability issue because Claimant's medical expert, Dr. Whalen, testified that he first saw Claimant on January 24, 2018, and that, medically, he could not give an opinion of Claimant's condition prior to January of 2018 based on examinations or medical records. The Board found and determined that Claimant's disability started as of November 7, 2015, because "Claimant's testimony [was] enough, if found credible, to prove that he sustained a work-related injury and was disabled as the injury was obvious." (Board decision, 3/31/21, at 6.) Employer maintains that Claimant's injury was not "obvious" at all, so the disability date had to be proven by medical evidence. (Employer's Br. at 24.) It contends that there is no basis for a finding of disability prior to January of 2018 because Claimant offered no medical evidence to indicate the same. We disagree.

In a claim petition, the claimant has the burden of proving all the elements necessary to support an award, including the existence of a work-related injury resulting in disability and its duration. *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 634 A.2d 592 (Pa. 1993). Where the causal relationship between the work incident and the disability is not obvious, unequivocal medical evidence is necessary to establish it. *Jeannette District Memorial Hospital v. Workmen's Compensation Appeal Board (Mesich)*, 668 A.2d 249 (Pa. Cmwlth. 1995). A causal connection is obvious when an individual is doing an act that requires force or strain and pain is immediately experienced. *Northwest Medical Center v. Workers' Compensation Appeal Board (Cornmesser)*, 880 A.2d 753 (Pa. Cmwlth. 2005).

13

Our Court has repeatedly held that there is an obvious connection where a claimant contemporaneously experiences pain while doing an act requiring force or strain, such as lifting an object. *See Davis v. Workmen's Compensation Appeal Board (United Parcel Service)*, 499 A.2d 703, 705 (Pa. Cmwlth. 1985) (medical opinion testimony was not required to establish causation where claimant experienced pain in his lower back immediately after lifting a 40–50-pound hamper box); *Tobias v. Workmen's Compensation Appeal Board (Nature's Way Nursery, Inc.)*, 595 A.2d 781, 784-85 (Pa. Cmwlth. 1991) (explaining that the connection between the injury and a disability often involves a "natural and probable" development and could sometimes involve an immediacy of occurrence such as an immediate back injury following heavy lifting); *Workmen's Compensation Appeal Board v. Bethlehem Mines Corp*., 349 A.2d 529, 530 (Pa. Cmwlth. 1975) (claimant's testimony alone sufficed to establish that being pinned against a plank at work while attempting to remove a piece of a steel chute weighing several hundred pounds caused a lower back injury in the form of disc herniations, where claimant immediately complained of back pain following the work incident); *Malecki v. Workers' Compensation Appeal Board (Franklin Regional School District)* (Pa. Cmwlth., No. 582 C.D. 2020, filed Mar. 26, 2021), slip op. at 1-3, 9-13 (reversing the Board's affirmance of the WCJ's determination that claimant failed to establish a work-related injury, reasoning that claimant's testimony that he experienced pain in his lower back and extending down the side of his left leg to his toes while lifting garbage into a dumpster established that claimant sustained a herniated disc as a result of the work incident); *City of Allentown v. Workers' Compensation Appeal Board (Porter)* (Pa. Cmwlth., No. 1038 C.D. 2011, filed Dec. 21, 2011), slip op. at 1-6 (claimant's injury in the form

14

of a herniated lumbar disc and radiculitis was obviously work-related, where claimant testified that he immediately experienced pain after pulling his back while lifting a heavy tool onto a truck at work).[4]

In *Cornmesser*, the claimant, a nurse, testified that he was moving a large patient when he felt a pop and immediately experienced pain and stiffness in his back. Subsequently, his condition worsened throughout the week such that he was hospitalized and ultimately operated on for a herniated disc. *Cornmesser*, 880 A.2d at 755. The WCJ found the testimony of the claimant credible and through his testimony determined that the requisite relationship existed to establish a work-related injury. This Court affirmed, finding that the claimant's testimony constituted substantial evidence supporting the WCJ's finding of a work injury. *Id.*

Here, Claimant's credible testimony demonstrated the requisite causal connection between the incident and his temporary disabling back pain. As in *Cornmesser*, the WCJ accepted Claimant's testimony that on November 7, 2015, he hurt his lower back when he twisted it, that he was attempting to tie off a bucket that was to be hoisted out of the hole and that he felt immediate pain, and eventually the pain travelled down his left leg. He immediately left his shift and purchased over the counter pain medication on his way home. On November 12, 2015, he went to see his primary care doctor, who took him out of work. (WCJ decision, 7/30/20, at 4-5). Claimant testified that prior to the November 7, 2015 work incident, he experienced no low back problems.

Accordingly, the Board did not err in finding that Claimant's injury was obvious, and that Claimant satisfied his burden of establishing the start date of

---

[4] We cite these unreported opinions as persuasive authority pursuant to this Court's Internal Operating Procedures. *See* 210 Pa. Code §69.414(a).

15

his disability.[5]  Contrary to Employer's argument, in these circumstances, Claimant did not require medical evidence to establish when the disability began.

### C.    Voluntary Removal from Workforce

Employer contends that it met its suspension of benefits burden of proving that Claimant retired and voluntarily took himself out of the workforce completely as of December 2016, right after the pizza delivery job ended. Employer argues that Claimant retired because he received annuity payments and has not worked for nine years.  It contends that Claimant unambiguously testified that the annuity money was from "when you get retired."  (R.R. at 165a.)  The annuity exhibit is also listed as a retirement document.  *Id*. at 245a-46a.

The Act is remedial in nature and intended to benefit the worker, and, therefore, the Act must be liberally construed to effectuate its humanitarian objectives.  *Reifsnyder v. Workers' Compensation Appeal Board (Dana Corp.)*, 883 A.2d 537, 542-43 (Pa. 2005).  Generally, a claimant who has been forced into retirement as a result of a work-related injury may continue to receive workers' compensation benefits. *Southeastern Pennsylvania Transportation Authority v. Workmen's Compensation Appeal Board (Henderson)*, 669 A.2d 911, 913 (Pa. 1995); *City of Philadelphia v. Workers' Compensation Appeal Board (Rooney)*, 730 A.2d 1051, 1053 (Pa. Cmwlth. 1999).  However, an employer may seek a suspension of those benefits where a claimant voluntarily leaves the workforce rather than being forced into retirement because of the work injury.  *Henderson*,

---

[5] Claimant also produced the treatment note from Christian Care New Castle Center, which indicated that less than a week after the incident, Claimant was being treated for a back injury sustained from heavy lifting.  Employer argues that the Board improperly relied on the note in making its determination that the injury was obvious because the note was inadmissible hearsay.  Because we conclude that Claimant's credible testimony alone sufficed to establish causation, we need not address the hearsay issue.

16

669 A.2d at 913; *Turner v. Workers' Compensation Appeal Board (City of Pittsburgh)*, 78 A.3d 1224, 1228 (Pa. Cmwlth. 2013).

An employer bears the burden of showing that a claimant has retired. *City of Pittsburgh v. Workers' Compensation Appeal Board (Robinson)*, 67 A.3d 1194, 1209 (Pa. 2013). Our Supreme Court has rejected attempts to create a rebuttable presumption that a claimant has voluntarily retired from the entire workforce merely from the fact that a claimant has accepted some type of pension benefit. *Id.* Specifically, the Supreme Court stated "[t]here is no presumption of retirement arising from the fact that a claimant seeks or accepts a pension, much less a disability pension; rather, the worker's acceptance of a pension entitles the employer only to a permissive inference that the claimant has retired." *Id.* at 1209. While a presumption requires a factfinder to find an elemental fact upon proof of a basic fact, a permissive inference, on the other hand, "allows, but does not require, the factfinder to infer the elemental fact from proof of the basis fact and places no burden of persuasion or production on the defendant." *Id.* at 1204 (citation omitted). In short, the burden of persuasion remains with the employer. *Id.*

In *Robinson*, the Supreme Court explained that the totality of the circumstances "test is simply another way of saying that the factfinder must evaluate all of the relevant evidence in determining whether a worker has retired from the workforce" and that this approach was consistent with precedent. *Robinson*, 67 A.3d at 1209. "If the employer produces sufficient evidence to support a finding that the claimant has voluntarily left the workforce, then the burden shifts to the claimant to show that there in fact has been a compensable loss of earning power." *Id.* at 1209-10.

17

Here, the Board affirmed the WCJ's determination that Claimant did not retire from the entire workforce. The WCJ based his decision on Claimant's testimony that he did not retire and that after he was unable to earn a living after his injury, he took the annuity as a lump sum in order to live. Moreover, Claimant credibly testified that he still pays union dues and attends monthly union meetings. Viewing the totality of the circumstances, these facts support the WCJ's determination that Claimant did not voluntarily retire and take himself out of the workforce. Accordingly, we conclude the Board did not err in concluding that the totality of the circumstances supported the WCJ's determination that Claimant did not voluntarily retire.

### D.    Credit for Time Claimant Worked at the Pizza Shop

Finally, Employer asserts that it should receive a credit for the time that Claimant worked at the pizza shop from September 2016 through November 2016. It contends that the WCJ's decision ordered Employer to pay full indemnity benefits during a specific period of time, which included the time Claimant worked at the pizza shop. Employer argues that the WCJ's decision was silent as to how Claimant's benefits were affected by his pizza shop job and does not indicate whether Employer was entitled to pay modified benefits during that period.

When Claimant raised this issue before the Board, the Board indicated that it "did not read the WCJ's order . . . to exclude [Employer] from this partial disability credit" and ordered Employer to "pay the weekly indemnity in accordance with the Act." (Board decision, 3/31/21, at 7.)

Notwithstanding the Board's conclusion, Employer continues to challenge the WCJ's decision, because "[w]hile the WCJ's Decision may not

18

exclude [Employer] from taking the credit, it certainly does not explicitly grant the right to a credit, which is required to empower [Employer] to take this action." (Employer's Br. at 33.) Employer asserts that because the WCJ did not specifically state that Employer was entitled to pay modified benefits for the period during which Claimant worked at the pizza shop, Employer could not engage in self-help by paying Claimant modified benefits without an order permitting it to do so.

We are not entirely certain that there is an issue here for us to decide. The Board construed the WCJ's decision to mean that Employer was entitled to pay modified benefits during the period Claimant worked at the pizza shop in accordance with the Act. While we understand and appreciate Employer's reluctance to do anything absent an order permitting it to do so, we are satisfied that the Board's order permits it to do so. As Claimant did not appeal from any part of the Board's decision, Claimant is precluded from disputing Employer's right to take the credit.

Accordingly, for these reasons, the order of the Board is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

Judge Fizzano Cannon did not participate in this decision.

19

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

JJ White, Inc.,                          :
              Petitioner       :
                                  :
                                  :  No.  371 C.D. 2021
              v.                       :
                                  :
Kader Yahawi (Workers'                   :
Compensation Appeal Board),              :
                    Respondent       :

## *__ORDER__*

       AND NOW, this 2nd day of December, 2022, the March 31, 2021, order of the Workers' Compensation Appeal Board is hereby AFFIRMED.

                                      _____
                                      PATRICIA A. McCULLOUGH, Judge